. 157]                *REEDY v. BURGERT.

Judgment upon a *scire facias* on a mortgage extinguishes a bond, note, or other evidence of the same original debt.

COVENANT was brought upon a writing under seal for the payment of money. The declaration was in the usual form. The defendant pleaded in bar that the note was given for a sum of money, the payment of which was secured by a mortgage upon lands, and that the plaintiff had prosecuted a *scire facias* upon the mortgage, under the statute, and obtained a judgment thereon. To this plea the plaintiff demurred. The case was certified from the supreme court of Stark county, to be decided upon the point presented by the demurrer.

LATHROP, in support of the demurrer, contended that the judgment on the mortgage could not bar the plaintiff's right to recover on the note.

It will not probably be contended that a judgment on the note would prevent a recovery on the mortgage, unless the note or judgment had been previously paid, or otherwise satisfied; for the statute, by saying that payment or satisfaction may be pleaded, contemplates a judgment, unless the whole of the mortgage money is actually paid when suit is brought.

Besides, the statute "*providing* for the *recovery* of money *secured* by mortgage," is only an accumulative remedy to the equitable one on the mortgage, and the common law one on the note, that existed at the time of the passing of this statute; for the statute only declares that "it shall be lawful" to proceed by *scire facias* and obtain a judgment, so that the mortgaged premises, that may have *alone* secured a part or all of the mortgaged money a great length of time, may be sold.

Should the principle be established that an action can not be maintained on the note, because a judgment has been rendered on the mortgage, predicated thereon, the consequences would be extremely injurious to community, and this species of real se-

curity, the benefits of which the legislature intended to extend rather than curtail, would be, in a great measure, lost. A creditor had often better take no mortgage when he has the offer of one, for under our appraisement law a sale on execution would frequently be delayed, and if the mortgaged premises were not sufficient to satisfy the debt, for the deficiency an action by *scire facias*, given by the statute, must *be brought before an ex- [158 ecution can issue for such deficiency. Special bail, at all events, can not be required until after the return term and on application to the court, as a judgment is no contract on which a party may file his affidavit of the amount due. 3 Bur. 1548.

Again, a note, and a mortgage securing its payment, are distinct instruments, and a recovery may be had on each, independently of the other, for the mortgagor must show the mortgage money is paid, and not the mortgagee that it is not.

These contracts, too, being deliberately entered into for the benefit of the mortgagee, are laws between the parties, and the remedies thereon can not be presumed to be altered by a statute made in aid, not in derogation of the common law. 1 Cranch, 430, 460; 10 Johns. 579.

It is no valid objection to a recovery, in this case, that there will be two judgments for the same money, as the judgment on the mortgage in the first instance is virtually *in rem*, "that the mortgaged premises be sold," and if the whole debt is not satisfied by the sale of the mortgaged premises, which is often the fact, and the mortgagee have his judgment on the note, there will be no necessity of proceeding by *scire facias* on the mortgage judgment for the residue, without any increase of costs.

Should it be decided that the present suit can not be maintained, suits may be brought in chancery on the mortgage, with a great increase of cost to defendants, and substantially the same proceedings might be had as by *scire facias* under the statute, without in the least jeopardizing a recovery on the note, or instruments on which the mortgage is founded.

These double securities for money, and double remedies, are consonant with sound policy, beneficial to commerce, and of long established usage. The objection on this score, of the multiplication of suits, would apply with much more force to the bringing of several suits against the maker, obliger, and indorsers of notes,

and which, for the securing of money, and the facility of collecting it, has been authorized by the legislature.

By the COURT:

The counsel for the plaintiff seems to suppose that the action of assumpsit, debt or covenant; the action of ejectment to take possession of the mortgaged premises; and the bill in chancery to foreclose the equity of redemption, were all concurrent remedies 159] at the common law; and because more than one of these *remedies might be pursued at the same time that the statute remedy, by *scire facias*, may be pursued with them. But this is a mistake. The action of assumpsit debt, or covenant, is resorted to for the recovery of the money due on the obligation. The action of ejectment is not a *concurrent*, but an auxiliary remedy; and the bill in chancery is of the same character. The ejectment is used to get possession of the landed security; the bill in chancery, to remove incumbrances from it.

The object of giving the *scire facias* was to enable the mortgagee to resort at once, in one action, to the recovery of his debt, and the subjecting his landed security to the satisfaction of it. This proceeding enables the mortgagee to obtain judgment for his debt and execution against the mortgaged premises, at the same time, upon which execution the premises are sold, discharged of the equity of redemption, which, without such proceeding, could not be levied upon and sold upon execution on a judgment of law. This was creating, by statute, a new and more summary remedy, to which the party might resort, without affecting his right to pursue the pre-existing remedies. It gave a choice of remedies, but did not confer a right to pursue them all at the same time.

By the first section of the *scire facias* law, it is provided that "it shall be lawful for the defendant to come in and plead payment or satisfaction for all or any part of the money demanded by the plaintiff, or *any other legal plea* in bar or avoidance of the deed or money therein demanded, as the case may require; and thereon the parties shall proceed to issue and trial as in other cases."

When judgment is rendered, the second section directs that execution shall issue, upon which the mortgaged premises shall be taken and sold as other lands. The third section provides that if

the mortgaged premises shall not sell for the sum sufficient to satisfy the judgment, "then the residue of said judgment so remaining unsatisfied, shall be deemed and taken to be a debt of record," upon which the plaintiff may sue out a *scire facias*, and proceed to judgment and execution thereon, as in other cases.

These provisions show that it was the intention of the legislature that the *scire facias* should be prosecuted, defended, and tried, upon the whole merits of the plaintiff's claim, and that the judgment rendered should be final and conclusive between the parties. That judgment ascertains the true amount of the debt due, and constitutes it a debt of record, in virtue of the express terms of the statute. It results necessarily from this conclusion, that a bond or note, or other *evidence of debt, being the founda- [160 tion upon which this judgment is predicated, must be merged in the judgment; and no other action can be sustained for the debt unless founded upon the record.

Some absurdity, and much inconvenience and injustice, might be the consequence of a different doctrine. If the plaintiff should be dissatisfied with the amount recovered on the *scire facias*, he might resort to his action for the original debt. All the facts investigated and determined on the trial of the *scire facias*, would be open for second investigation. A recovery might be had for a different amount; two different verdicts and judgments might exist at the same time, for the same debt, and another suit would become necessary to prevent a double satisfaction.

It is objected that if this action can not be sustained, it deprives the plaintiff of the advantage of requiring special bail. The answer is, that the statutory remedy by *scire facias* proceeds against the land, a security which the plaintiff himself agreed to accept. An additional security upon the debtor's person ought not therefore to be required—and the plaintiff elected to take this remedy as it is given. Had he wished to add a claim upon the defendant's person in addition, he should have elected to take his common law remedy, and brought his action for the debt.

In respect to the two judgments for the same debt, this case is alleged to stand upon the same footing of separate judgments against the maker and indorsers of a promissory note. But the resemblance does not hold. In that case the judgments are against

different persons, upon separate and different contracts. Here, if two judgments could be had, they would be against the same person, upon the same contract.

A majority of the court are of opinion that the defendant have judgment.

Judge SHERMAN dissented.