Peck, C.J.
“The sum in dispute,” i. e., the damages demanded in this action, exceeded the jurisdiction of a justice of the peace, and the court of common pleas, in which the suit was commenced, had original jurisdiction to hear and determine it; although it appeared from the verdict that the damage's actually sustained, being less than one hundred dollars, were such as might have been recovered before a justice of the peace. 1 S. & C. Stat. 386, 771; Brunaugh v. Worley, 6 Ohio St. Rep. 597.
Section 552 of the code, regulating costs in actions prose *337 cuted in the superior courts, provides, that “ if it shall appear that a justice of the peace has jurisdiction of an action, and the same has been brought in any other court, the plaintiff shall not recover costs.”
It would seem from the statutory provisions referred to, that the district court did not err in refusing to render judg-' ment for costs in favor of the plaintiff, and that the rule laid down in Brunaugh v. Worley, supra, as to cos'ts, was properly applied. •
But it is said, on the authority of the early case of Norton v. Hart (1 Ohio Rep. 157), that actions of trespass to real estate, form -an exception to the rule, owing to the phraseology of the statute conferring jurisdiction upon justices of the peace in such cases.
It is quite true that the statutes then as well as now, in force, made the jurisdiction of the justice, in actions for trespass to real estate, depend upon the amount of damages demanded, and not upon the amount recovered. But we think there is a clear distinction between section 52 of the justices’ act of 1820, as construed by the court in Norton v. Hart, and section 552 of the code of civil procedure above cited.
Section 52 reads as follows: “ That if any person or persons shall .commence or prosecute any suit, for any debt or demand, by this aét made cognizable before any justice of the peace, in any other court than is authorized and directed by this act, and shall obtain a verdict therein for debt or damages which, without costs, shall not amount to one hundred dollars or more, he, she, or they, so prosecuting, shall not recover any costs, in such suits, any law to the contrary notwithstanding.”
The court, in Norton v. Hart, held, that section 52 had no application to an action demanding four hundred dollars damages for trespass to real estate, because that amount exceeded the jurisdiction of a justice of the peace under the statute, and that the section should be limited to such suits only, as were by that act “ made cognizable before any justice of the peace.” The court were to inquire if the justice had jurisdiction of the precise case stated in the writ and declaration, and not of the case developed in the testimony.
*338 If this construction of section 52 is the true one, of which we think grave doubts may well be entertained, it can not be applied to section 552 of the code heretofore cited. That section evidently contemplates action by the court after the trial is concluded and in view of the case as shown hy the testimony, and ascertained hy the verdict. If it shall then appear to the court that a justice of the peace had jurisdiction to try such a case, no judgment for costs shall be rendered.
The case of Norton v. Hart, even if technically correct, is manifestly opposed to the policy of the law which seeks to secure to every litigant party to an inconsiderable controversy, a speedy and comparatively inexpensive trial; and we are unwilling to extend it to enactments fairly susceptible of a contraction consonant with that policy; and without which, the object of the statute might be defeated. The statute might otherwise he evaded in every case, at the mere caprice of the plaintiff, without any responsibility or loss to himself; as he would recover full costs; and his verification of the petition would not extend to the allegation as to damages.
Judgment of district court afiirmed.
Brinkerhoef, Scott, Ranney and Wilder, JJ., concurred.