## EQUITY SAVINGS & LOAN CO v MERCURIO et

Municipal Court of Cleveland

Decided Feb 5, 1937

Griswold, Green, Palmer & Kapp, Cleveland, for plaintiff.

Gerald E. Johnson, Cleveland, of counsel.

Aritonio Sciacca, Cleveland, for defendants.

## OPINION

By DRUCKER, J.

The plaintiff brought an action for the recovery of real property for premises which were sold on September 24, 1926, to the defendant Josephine Mercurio and her husband Tony Mercurio, who died on July 5, 1931. At the time of the death of Tony Mercurio the note and mortgage were in default and have been in default ever since.

The plaintiff is the bona fide holder for value of both note and mortgage. The plaintiff alleged that the conditions of the mortgage were broken and by virtue of the default in payments asserts his right of possession as owner of the premises.

On November 9, 1934, the plaintiff filed its foreclosure action in the Common Pleas Court of Cuyahoga County. The action is pending and the defendant has not filed an answer.

Administration proceedings for the estate of Tony Mercurio were undertaken in the Probate Court of this county and the administratrix who was appointed commenced land sale proceedings, which are now pending.

The defendant contends that by virtue of the pendency of the foreclosure action in the Common Pleas Court and the land sale petition in the Probate Court, the Municipal Court has no jurisdiction over an action in ejectment.

In Ohio the law seems to be well settled that a mortgagee, after condition broken, has three remedies: (a) an action on the debt; (b) a foreclosure in equity; (c) an action in ejectment.

Bridwell v Bancroft, 2 O. Dec. Rep. 697.

It has been argued that these remedies are mutually exclusive so that if a suit is filed to foreclose, there has been an election, and that a suit in ejectment are barred thereby.

Can it not be argued with equal validity that an action to enforce the debt would bar a subsequent suit to foreclose the mortgage?

It has been a recognized practice in our courts to take judgments on cognovit notes secured by a mortgage and file a foreclosure suit at a later time. The Municipal Courts have on numerous occasions permitted mortgagees to bring actions for ejectment which did not preclude the mortgagee when he decided to foreclose the equity of redemption from bringing a foreclosure action in Common Pleas Court. If that is proper, wherein is there any logical distinction between that situation and the bringing of a foreclosure action to be followed by a later and separate ejectment suit?

The court does not believe that the question can be determined on the basis of the election of remedies, because, as courts have indicated, that doctrine is applied in those instances where the remedies would be inconsistent, so that effectively to assert one would negative a claim to the other. For instance, one cannot in one breath rescind a contract and at the same time ask for damages for its breach. One is not permitted to replevy property and at the same time sue for conversion. These situations are not analogous to the rules which permit the three remedies to a mortgagee on a mortgage foreclosure.

15 Ohio Jur., 239.

It is our belief that the mortgagee is entitled to all three. He is entitled to collect his debt; he is entitled to recover possession of the property; he is entitled to sell the property to satisfy the debt. Even in a case where there have been inconsistent remedies, it has been held that the mere bringing of a suit to enforce one does not necessarily bar the others.

Frederickson v Nye, 110 Oh St 459.

We feel that the defendant in this case has misconstrued the effect of the language in Reedy v Burgert, 1 Ohio 157 (1823). The Reedy case arose under the oldscire facias law which was repealed in 1831.

In the early history of Ohio legal procedure there were no courts of chancery in which foreclosure actions could be brought.

For that reason the scire facias statute was passed enabling the mortgagee to avail himself of a remedy, which is quite similar to our present foreclosure procedure. The statute remained in existence long after its necessity had passed by .the creation of our chancery system. **Bigerstaff v Loveland, 8 Ohio 49.**

In **Reedy v Burgert, 1 O. 157**, counsel argued that because more than one of the three common law remedies on the mortgage might be pursued at one time, therefore, the statutory remedy of scire facias might be pursued with them. The court says very clearly, "This is a mistake." To what did the court allude as a mistake? Did it attempt to point out to counsel that he was mistaken about the concurrent rights under the common law remedies or that counsel was mistaken about claiming that the statutory remedy was concurrent with the common law remedy? The court goes on to say that the statute created a new remedy without affecting the right to pursue the pre-existing remedies, and says in that connection, "It gave a choice of remedies but did not confer a right to pursue them all at the same time." We believe that in that sentence when the court uses the pronoun "it," it intends to refer to the statute, namely, that the statute did not confer rights to pursue the remedies at the same time. There is nothing in that sentence which denies the existence of that right, at common law, and in our judgment that is all the court really holds. That is, that when the action under the scire facias statute is brought and a judgment is rendered on the debt it extinguishes the bill, note or other evidence of debt and that a party cannot get a judgment and then bring a separate action on the same debt; that the debt is merged in the judgment.

**Bridwell v Bancroft, 2 Ohio Dec. Rep. 697**, declares categorically that both under our former practice and under the code the mortgagee has three concurrent remedies and that the pendency of a proceeding to foreclose is no bar to an action by the mortgagee to recover possession. It is important to point out that the action was dismissed only because the justice of the peace had no jurisdiction in ejectment.

And in **Longworth v Flagg, 10 Ohio 300** (1840) the court, after citing the Reedy case for the specific points it decided, says:

"But the right to pursue all or either of the three remedies on a mortgage at the same time is asserted in every elementary treatise on the subject, for the objects of the three are not the same; and although if the debt is paid the lien is extinct, the converse of this proposition is not true and the debt may be justly due, although the land is never bound by the lien."

**Sec 11306, GC,** provides that a plaintiff may unite several causes in the same petition. Among these are a cause to foreclose the mortgage and a cause to recover a judgment on the debt secured (sub-section 9). The statute says that these causes may be joined. It does not say that the plaintiff must bring both causes in one action.

The court holds that the plaintiff can proceed with his action in ejectment.