OPINION
{¶ 1} Appellant Sylvia Earley appeals the decision of the Guernsey County Court of Common Pleas, which dismissed her complaint in a landlord-tenant dispute. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant is a single mother with five children. In October 2002, appellant entered into a written rental agreement with Appellee Michael Joseph, who was at that time the owner and landlord of a house located at 217 So. 12th St., Cambridge, Ohio. Shortly thereafter, appellant allegedly discovered water and sewage leaking into the house, creating a number of health and safety concerns. Unable to have the problems corrected to her satisfaction, appellant, as tenant, filed a complaint and request for a temporary restraining order and other injunctive relief against appellee on April 3, 2003. Appellant stated as her claims for relief the following: violation of landlord obligations under R.C. 5321.04(A); breach of rental agreement; breach of covenant of quiet enjoyment; and intentional infliction of emotional distress. On April 24, 2003, a hearing on the temporary restraining order was held. Appellee failed to appear. After finding appellee had been properly served, the court granted a preliminary injunction on April 28, 2003.
 {¶ 3} On May 12, 2003, appellant filed a contempt motion against appellee for failure to make repairs as per the temporary restraining order and for failure to appear in court. On May 27, 2003, the day of the contempt hearing, appellee again failed to appear, and the court issued a capias for his arrest. On that same day, appellant filed a motion for default judgment against appellee. The court scheduled a hearing on said motion and an evidentiary hearing for damages on July 1, 2003. However, on June 26, 2003, the court sua sponte vacated the preliminary injunction and capias for arrest, finding that appellee was the defendant in a recent foreclosure action brought by mortgagee IndyBank regarding the property at 217 So. 12th St., a copy of which had been served on appellant. The court therein found that appellant should have been aware that appellee was no longer the house's owner.
 {¶ 4} The hearing on appellant's motion for default judgment and request for damages went forward on July 1, 2003. Appellee once again failed to appear. However, the magistrate at that time dismissed appellant's complaint, and declined to hear evidence on the default motion and request for damages. The magistrate's written decision of July 25, 2003 states, inter alia, that the matter "is dismissed with prejudice as to the real property but without prejudice as to an action for money damages * * *. Magistrate's Decision at 4. Appellant timely filed objections pursuant to Civ.R. 53. On September 15, 2003, the trial court issued a judgment entry overruling appellant's objections and adopting the magistrate's decision.
 {¶ 5} Appellant timely appealed, and herein raises the following three Assignments of Error:
 {¶ 6} "I. The court erred by dismissing appellant earley's separate complaint for relief and damages because she was joined as an unknown tenant defendant in appellee's earlier foreclosure case.
 {¶ 7} "II. The court erred by failing to recognize that it had proper subject matter jurisdiction over appellant's separate complaint.
 {¶ 8} "III. The lower court erred in dismissing appellant's separate damages claims because it could not enforce injunctive relief against appellee.
 I., II., III. {¶ 9} In her three Assignments of Error, appellant contends the trial court erred in dismissing appellant's separate complaint for damages. We agree.
 {¶ 10} As an initial matter, we note appellant does not challenge the trial court's conclusion that legal title to the real property in question passed to IndyBank by default judgment on January 16, 2003, prior to any court action by appellant against appellee. However, because neither the magistrate nor the court explained in written form the legal basis for the decision to dismiss appellant's separate complaint for damages, appellant asks us to analyze the likely theories behind the court's ruling.
 {¶ 11} Appellant first argues that the court's possible reliance on the doctrine of res judicata was in error. In Yoderv. Yoder (June 29, 1982), Holmes App. No. CA335, we held that while counterclaims are "compulsory," such is not the case with respect to a "cross-claim against co-party" under Civ.R. 13(G). Thus, appellant herein was not required to file a cross-claim against appellee in the earlier foreclosure action brought by mortgagee IndyBank. Moreover, Civ.R. 8(C) designates res judicata an affirmative defense. If a party fails to properly raise the affirmative defense of res judicata, it is waived. State v.Apanovitch (1995), 107 Ohio App.3d 82, 89. Appellee herein never answered appellant's complaint or appeared in court; hence, the doctrine of res judicata should not have acted as a bar to appellant's complaint for damages.
 {¶ 12} Appellant secondly suggests the court may have found the common pleas court an inconvenient forum. She notes the magistrate's statement at the July 1, 2003 hearing that "* * * I think it is more appropriate probably in Municipal Court." See Tr. at 7. However, as appellant prayed for over $15,000 in compensatory damages and $20,000 in punitive damages, the monetary jurisdictional limits for a municipal court, as provided in R.C. 1901.17, would be exceeded if appellant were to take the case to said alternate forum. "Denial of a remedy and denial of ameaningful remedy lead to the same result: an injured plaintiff without legal recourse." Sorrell v. Thevenir (1994),69 Ohio St.3d 415, 426, quoting Gaines v. Preterm-Cleveland, Inc.
(1987), 33 Ohio St.3d 54, 60, (emphasis sic). Accordingly, we find error in the apparent application of the procedural device of forum non conveniens under the circumstances of the case sub judice.
 {¶ 13} Finally, appellant proposes the court may simply have dovetailed the dismissal of the complaint for damages with the dismissal of the request for injunctive relief. However, inWheeling Lake Erie Ry. Co. v. Stark County Com'rs (Jan. 16, 2001), Stark App. No. 2000CA00240, we found error in a trial court's sua sponte dismissal of a complaint for declaratory judgment without notice or further hearing following the denial of a preliminary injunction. In the case sub judice, we similarly hold dismissal of the complaint for damages was in error on this basis.
 {¶ 14} We further note appellee has not filed a brief opposing this appeal. Appellate Rule 18(C) states in pertinent part: "If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain the action." Upon review, we find merit in appellant's arguments, and sustain all three Assignments of Error.
 {¶ 15} For the foregoing reasons, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Hoffman, P.J., and Boggins, J., concur.