**FIFTH THIRD BANK, Appellee,**

v.

**Andrew T. HOPKINS et al., Appellants.**

[Cite as *Fifth Third Bank v. Hopkins,* 177 Ohio App.3d 114, 2008-Ohio-2959.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 24012.

Decided June 18, 2008.

■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Rosemary Taft Milby and Matthew G. Burg, for appellee.

Ralph L. Oates, for appellants.

Per Curiam.

{¶ 1} Appellants, Andrew and Donielle Hopkins, appeal the judgment of the Summit County Court of Common Pleas, which entered judgment in favor of Appellee, Fifth Third Bank. This court affirms.

I

{¶ 2} On or about June 21, 2002, Andrew Hopkins executed a promissory note secured by property at 555 Franklin Avenue in Kent, Ohio. On or about July 16, 2002, both Andrew and Donielle Hopkins executed an equity credit agreement secured by the same Franklin Avenue property. Fifth Third Bank was the lender on each note.

{¶ 3} On March 21, 2006, ABN AMRO Mortgage Group, Inc. ("ABN AMRO") filed a complaint in foreclosure against Andrew and Donielle Hopkins in the Portage County Court of Common Pleas. ABN AMRO alleged that Mr. and Mrs. Hopkins had defaulted on a note secured by a mortgage on property located at 555 Franklin Avenue in Kent, Ohio. ABN AMRO alleged that its mortgage constituted a valid first lien on the real estate and named Fifth Third Bank as a defendant entitled to claim an interest in the property by virtue of mortgages in its favor on the same property. In its prayer for relief, ABN AMRO prayed that "all the other defendants herein be required to set up their liens or interests in said real estate or be forever barred from asserting same." Neither Mr. and Mrs. Hopkins nor Fifth Third Bank filed answers, and ABN AMRO sought default judgment. The Portage County Court of Common Pleas granted default judgment in favor of ABN AMRO, ordered that the real estate be foreclosed and sold, and ordered that the proceeds be paid in the established order of priority.

{¶ 4} On September 27, 2006, Fifth Third Bank filed a complaint for money due regarding the promissory note executed by Andrew Hopkins on June 21, 2002. In November 2006, Fifth Third Bank filed a complaint for money due regarding

the equity credit agreement executed by Andrew and Donielle Hopkins on July 16, 2002. The two cases were consolidated in the trial court.

{¶ 5} Mr. and Mrs. Hopkins timely answered, asserting res judicata as an affirmative defense. They asserted that the identical claims were litigated on the merits in the case before the Portage County Court of Common Pleas.

{¶ 6} The parties filed trial briefs. The trial court issued an order wherein it noted that the parties represented that they wished to proceed in the matter on the basis of their briefs and an agreed-upon stipulation of facts. The parties stipulated that Fifth Third Bank filed a claim against Andrew Hopkins seeking money damages for failure to pay as agreed pursuant to the terms of a promissory note, that Fifth Third Bank filed a claim against Andrew and Donielle Hopkins seeking money damages for failure to pay as agreed pursuant to the terms of an equity credit agreement, and that both the note and equity agreement were secured by mortgages on real property identified as 555 Franklin Avenue, Kent, Ohio. The parties stipulated that these mortgages were junior to the primary mortgage on the property held by ABN AMRO. The parties further stipulated that ABN AMRO filed a foreclosure complaint, asserting claims against Mr. and Mrs. Hopkins and Fifth Third Bank; that ABN AMRO was granted default judgment; and that the trial court found that ABN AMRO had the first lien on the real property. Finally, the parties stipulated that should Fifth Third Bank prevail on its brief, the trial court would render judgment in favor of Fifth Third Bank for the amount prayed for in each complaint, whereas should Andrew and Donielle Hopkins prevail on their brief, then the trial court would enter judgment in favor of them.

{¶ 7} On November 19, 2007, the trial court issued a judgment entry in which it found that Fifth Third Bank's claims for money damages were not barred by the doctrine of res judicata. The trial court entered judgment in favor of Fifth Third Bank. Andrew and Donielle Hopkins timely appealed, raising one assignment of error for review.

## II

### ASSIGNMENT OF ERROR

The trial court erred in its November 19, 2007 decision that the appellee's complaints against the appellants were not barred by the defense of "res judicata."

{¶ 8} Andrew and Donielle Hopkins argue that the trial court erred by finding that Fifth Third Bank's claims were not barred by the doctrine of res judicata. This court disagrees.

.

{¶ 9} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. A transaction or occurrence is defined as a " 'common nucleus of operative facts.' " Id. at 382, 653 N.E.2d 226, citing 1 Restatement of Law 2d, Judgments (1982), Section 24, at 200. " 'Proper application of the doctrine of res judicata requires that the identical cause of action shall have been previously adjudicated in a proceeding with the same parties, in which the party against whom the doctrine is sought to be imposed shall have had a full and fair opportunity to litigate the claim.' " *Business Data Sys., Inc. v. Figetakis,* 9th Dist. No. 22783, 2006-Ohio-1036, 2006 WL 551547, at ¶ 11, quoting *Brown v. Vaniman* (Aug. 20, 1999), 2d Dist. No. 17503, 1999 WL 957721.

{¶ 10} In addition, Ohio law has long recognized that " 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.' " (Emphasis omitted.) *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, quoting *Rogers v. Whitehall* (1986), 25 Ohio St.3d 67, 69, 25 OBR 89, 494 N.E.2d 1387. The doctrine serves the valid policy of ultimately ending any given litigation and ensuring that no party will be " 'vexed twice for the same cause.' " *Green v. Akron* (Oct. 1, 1997), 9th Dist. Nos. 18284 and 18294, 1997 WL 625484, quoting *LaBarbera v. Batsch* (1967), 10 Ohio St.2d 106, 113, 39 O.O.2d 103, 227 N.E.2d 55. Before res judicata may attach, there must be mutuality of parties— i.e., the parties in both actions must be either identical or in privity with one another. *Green.*

{¶ 11} Andrew and Donielle Hopkins argue that the parties in the Portage County case are identical and that Fifth Third Bank had the opportunity to assert its claims in that prior case. This court disagrees.

{¶ 12} In the prior case, Mr. and Mrs. Hopkins and Fifth Third Bank were not adverse parties; rather they were co-parties. See *Huntington Natl. Bank v. Ross* (1998), 130 Ohio App.3d 687, 694, 720 N.E.2d 1000. Accordingly, while Fifth Third Bank could have brought a cross-claim against Andrew and Donielle Hopkins in that case, Civ.R. 13(G) provides that cross-claims are permissive rather than compulsory. *McCleese v. Bierman* (July 5, 1989), 9th Dist. No. 88CA004455, 1989 WL 73753. Any related claims of Fifth Third Bank were necessarily permissive cross-claims. *Ross,* 130 Ohio App.3d at 694, 720 N.E.2d 1000. Therefore, Fifth Third Bank was not required to file a cross-claim against Mr. and Mrs. Hopkins in the earlier foreclosure action brought by ABN AMRO. *Earley v. Joseph,* 5th Dist. No. 03 CA 27, 2004-Ohio-1563, 2004 WL 615111, at ¶ 11 (concluding that "appellant herein was not required to file a cross-claim

against appellee in the earlier foreclosure action brought by mortgagee Indy-Bank.") Accordingly, the doctrine of res judicata did not bar Fifth Third Bank from filing its claims.

{¶ 13} Andrew and Donielle Hopkins further argue that res judicata bars Fifth Third Bank's claims because the remedies in the prior and instant actions are identical. This court disagrees.

{¶ 14} In the Portage County case, the remedy sought by ABN AMRO was that its mortgage be adjudged a valid first lien, that the property be ordered sold, and that all other lienholders set up their liens or interests in the property or be forever barred from doing so. Fifth Third Bank declined to set up its liens or interests in the property and is, therefore, barred from subsequently doing so. Yet Fifth Third Bank is not here pursuing any interest in the 555 Franklin Avenue property. On the contrary, it is seeking money damages for Andrew and Donielle Hopkins's failure to pay as required under the terms of a note and equity agreement.

{¶ 15} This court has stated:

> The right to judgment on the note is one cause of action. The right to foreclose a mortgage is another cause of action. One is legal—the other is equitable.

*Fed. Deposit Ins. Corp. v. Simon* (Aug. 17, 1977), 9th Dist. No. 8443, 1977 WL 198974.

{¶ 16} In the instant case, Fifth Third Bank is suing to collect on a debt owed. "A mortgage is merely security for a debt and is not the debt itself." *Gevedon v. Hotopp*, 2d Dist. No. 20673, 2005-Ohio-4597, 2005 WL 2107959, at ¶ 27. " '[E]ven when a promissory note is incorporated into the mortgage deed, it is still independent of the mortgage and is a separate enforceable contract between the parties.' " Id., quoting *Mid Am. Natl. Bank & Trust Co. v. Comte/Rogers Dev. Corp.* (Sept. 30, 1996), 6th Dist. No. L–95–329, 1996 WL 549249. Logically then, even when a mortgage is incorporated into a promissory note, the note remains independent of the mortgage and is a separate, enforceable contract between the parties. As another appellate court explained:

> A mortgage is a form of secured debt where the obligation, evidenced by a note, is secured by the transfer of an interest in property, accomplished by the delivery of a mortgage deed. Upon breach of condition of the mortgage agreement, a mortgagee has concurrent remedies. It may, at its option, sue in equity to foreclose, or sue at law directly on the note; or, bring an action in ejectment, *Equity Savings & Loan v. Mercurio* (1937), 24 Ohio Law Abs. 1, 2 [7 O.O. 540]. Thus, suit on the note was not foreclosed by the disposition of the previous action in foreclosure * * *.

*The Broadview S. & L. Co. v. Crow* (Dec. 30, 1982), 8th Dist. Nos. 44690, 44691 and 45002, 1982 WL 2658.

{¶ 17} Other jurisdictions have held similarly. " '[T]he general rule, in the absence of a statute to the contrary, is that a creditor whose debt is secured by mortgage may pursue his remedy in personam for the debt, or his remedy in rem to subject the mortgaged property to its payment.' " (Footnotes omitted.) *Szego v. Anyanwutaku* (D.C.App.1994), 651 A.2d 315, 316, quoting 55 American Jurisprudence 2d (1971), Mortgages, Section 541. The Court of Appeals for the District of Columbia added:

> The treatise goes on to state: In short, the case of a mortgage or deed of trust is an exception to the general doctrine that a party shall not be allowed to sue at law and in equity for the same debt, and a mortgagee or holder of a deed of trust may ordinarily pursue all his remedies at once or concurrently, although he is under no obligation to do so, or he may pursue them successively.

Id. at fn. 3. The Second District Court of Appeals for Illinois has stated:

> Because a mortgage and an accompanying promissory note securing the mortgage constitute separate contracts, they give rise to legally distinct remedies that cannot be pursued in a single-count foreclosure suit. * * * [A] mortgage foreclosure expressly has been held not to bar a subsequent suit on a guaranty. * * * [A] judgment of foreclosure [does] not adjudicate the defendant's rights and liabilities under a guaranty contract, and, therefore, the doctrine of res judicata [does] not apply.

(Citations omitted.) *LP XXVI, L.L.C. v. Goldstein* (2004), 349 Ill.App.3d 237, 241–242, 285 Ill.Dec. 45, 811 N.E.2d 286.

{¶ 18} Based on the above reasoning, Fifth Third Bank was free to pursue, at its option, a suit in equity to foreclose or a suit in law directly on the notes. Because Fifth Third Bank and Andrew and Donielle Hopkins were co-parties rather than adversaries in the Portage County case, Fifth Third Bank was not required to file a cross-claim in that case. While the decision out of Portage County barred Fifth Third Bank's claims regarding any interest it may have had in the real estate, it did not bar Fifth Third Bank's right to pursue money damages at law on the notes as separate and distinct contractual obligations. Accordingly, the trial court did not err by finding that Fifth Third Bank's claims for money damages were not barred by the doctrine of res judicata and by entering judgment in favor of Fifth Third Bank. Mr. and Mrs. Hopkins' assignment of error is overruled.

### III

{¶ 19} Andrew and Donielle Hopkins's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

SLABY and MOORE, JJ., concur.

CARR, P.J., concurs separately.

CARR, Presiding Judge, concurring.

{¶ 20} I concur in the majority's judgment, but I write separately because I am concerned about the pragmatic effect of this decision. I am concerned that if such subsequent claims are not barred, consumers will be needlessly forced to defend numerous separate lawsuits. The ramifications could be onerous. First, to pay to defend against multiple lawsuits, debt-laden consumers might be forced to assume even greater financial burdens, taking out second or third mortgages on subsequent real estate purchases. This cycle could lead to consumers' overextending themselves financially and facing additional subsequent foreclosure actions. Second, I believe that these subsequent lawsuits for money due, which could be resolved in conjunction with an initial foreclosure action, would clog the dockets of our trial courts. I am concerned that the result we are compelled to reach today will perpetuate financial insecurity for consumers and have a negative impact on judicial economy.