[Cite as *Union Bank Co. v. North Carolina Furniture Express, L.L.C.*, 189 Ohio App.3d 538, 2010-Ohio-4176.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

THE UNION BANK COMPANY ET AL.,

    APPELLEES,

    v.                                   CASE NO. 2-10-01

NORTH CAROLINA FURNITURE
EXPRESS, L.L.C., ET AL.,

    APPELLANTS.

                                       O P I N I O N

BAC HOME LOANS SERVICING L.P.,

    APPELLANT,                    CASE NO.  2-10-02

    v.

SMITH ET AL.,                     O P I N I O N

    APPELLEES.

Appeals from Auglaize County Common Pleas Court
Trial Court Nos. 2008 CV 0267 and 2009 CV 0312

Judgments Affirmed

Date of Decision:    September 7, 2010

APPEARANCES:

Case Nos. 2-10-01 and 2-10-02

Jason A. Whitacre, Laura C. Infante and Kathryn M. Eyster, for appellant BAC Home Loans Servicing, L.P., f.k.a. Countrywide Home Loans Servicing, L.P.

Randy L. Reeves and Sarah N. Newland, for appellees Jeffrey Smith and Kandi Smith.

John F. Moul, for appellee of Auglaize County Treasurer.

Jerry M. Johnson and Christine M. Bollinger, for appellee Union Bank Company.

Thomas J. Katterheinrich, for appellee Minster Bank.

PRESTON, Judge.

{¶ 1} Appellant-defendant, BAC Home Loans Servicing, L.P., f.k.a. Countrywide Home Loans Servicing, L.P. ("BAC"), appeals the Auglaize County Court of Common Pleas judgments, which vacated BAC's foreclosure action and denied motions to consolidate and substitute BAC as a party-defendant. For the reasons that follow, we affirm.

{¶ 2} This case involves two separate foreclosure actions filed in the Auglaize County Court of Common Pleas that sought judgments on certain notes and mortgages encumbering the same parcel of real estate, commonly known as 422 South Franklin Street, New Bremen, Ohio ("the property"). The facts of this case are largely not in dispute. On November 13, 2002, Jeffrey Smith and Kandi

- 2 -

Smith, who were members of North Carolina Furniture Express, L.L.C., executed a note in favor of SIB Mortgage Corp., a New Jersey corporation, and a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") solely as nominee for SIB Mortgage Corp., for $141,000. The mortgage was subsequently recorded in the Auglaize County Recorder's Office on November 18, 2002.

{¶ 3} Several years later, on January 19, 2007, the Smiths executed another note and mortgage in favor of appellee Minster Bank for $30,000. This mortgage was recorded in the Auglaize County Recorder's Office on January 26, 2007. Then, on March 5, 2007, the Smiths executed three separate notes and mortgages in favor of appellee The Union Bank Company for $100,000, $25,000, and $24,500, which were subsequently recorded in the Auglaize County Recorder's Office on March 9, 2007.[1]

{¶ 4} On July 23, 2008, Union Bank filed a complaint for foreclosure against the property, which was designated case No. 2008 CV 0267 ("the 2008 foreclosure"). In the complaint, Union Bank listed North Carolina Furniture Express, L.L.C., the Smiths, Minster Bank, MERS, SIB, the Auglaize County Treasurer, and Entrust Administration, Inc. as defendants possibly having an interest in the property. All named defendants were served with notice.

---

[1] Only with respect to their notes and mortgages in favor of Union Bank did the Smiths sign as both members for North Carolina Furniture Express, L.L.C., and individually. With respect to the other notes and mortgages executed, the Smiths signed only in their individual capacity.

According to the record, MERS was served on July 30, 2008, and SIB was served on November 14, 2008. Minster Bank and the Smiths filed timely answers to the complaint.

{¶ 5} Union Bank filed a motion for default judgment against defendants MERS, SIB, and Entrust Administration, Inc., on March 10, 2009. The motion for default judgment was sent to all named defendants in the matter, including MERS and SIB. The trial court granted Union Bank a default judgment on March 10, 2009, specifically stating that the defendants had "been legally served with summons and that Defendants are in default for answer or appearance and therefore ha[ve] no interest in and to said premises and the equity of redemption of said Defendants in the real estate described in Plaintiff's Complaint shall be forever cut off, barred, and foreclosed." On March 11, 2009, Union Bank filed a motion for summary judgment against the Smiths, Minster Bank, and the Auglaize County Treasurer. Similarly, a copy of the motion for summary judgment was sent to all named defendants in the matter, including MERS and SIB. On March 30, 2009, the trial court granted the motion for summary judgment and issued a judgment of foreclosure providing that the lien priority on the property was as follows: the Auglaize County Treasurer, Minster Bank, and then Union Bank.

{¶ 6} The Smiths filed for bankruptcy shortly thereafter, on May 12, 2009, causing the matter to be stayed. On June 9, 2009, the bankruptcy court issued a

relief from stay and abandonment for Union Bank, which allowed the 2008 foreclosure matter to continue, effective on July 31, 2009, and the property was scheduled for sheriff's sale on October 1, 2009. However, due to a notice of sale not being received or served on all party defendants, the sale was cancelled and rescheduled for December 4, 2009.

{¶ 7} During this time and right after the Smiths had filed for bankruptcy, on June 1, 2009, MERS (acting solely as a nominee for SIB) assigned appellant BAC its interest in the property. Consequently, on August 28, 2009, BAC filed a complaint for foreclosure against the property in the Auglaize County Court of Common Pleas, which was designated case No. 2009 CV 0312 ("the 2009 foreclosure"). Along with the complaint, BAC filed a preliminary judicial report showing what it believed to be a representation of any and all interests in the property.[2] In its complaint, BAC named the Smiths, Minster Bank, Union Bank, and the Auglaize County Treasurer as defendants having a possible interest in the property. Only Minster Bank and Union Bank filed answers to the complaint.[3] Thereafter, on October 7, 2009, BAC filed a motion for default judgment against the nonanswering parties, and that same day, the trial court issued a judgment

---

[2] As noted by the parties at the final hearing on November 2, 2009, neither the preliminary judicial report nor the supplemental judicial report showed the 2008 foreclosure action as pending against the property.

[3] In its answer, Union Bank specifically stated, "FURTHERMORE, Defendant, The Union Bank Company admits it has an interest in the described premises by virtue of a Complaint of Foreclosure pending with the Auglaize Count Common Pleas Court Case No.: 2008 CV 0267 file by The Union Bank Company on July 23, 2008."

entry and decree in foreclosure granting BAC's motion for default judgment and listing the lien priority on the property in the following order: the Auglaize County Treasurer, BAC, Minster Bank, and then Union Bank.

{¶ 8}   As a result, on October 9, 2009, Union Bank filed a motion contra to BAC's motion for default judgment and a motion to dismiss BAC's complaint in the 2009 foreclosure action based on the existence of the 2008 foreclosure action. Additionally, on October 16, 2009, Union Bank and Minster Bank filed a joint motion to vacate the judgment entry of default in the 2009 foreclosure action, because they had not been afforded sufficient time to respond to BAC's motion before the judgment entry of foreclosure had been granted.

{¶ 9}   In response to the existence of the 2008 foreclosure action, on October 21, 2009, BAC filed several motions, which included (1) a motion to substitute defendant BAC for defendant MERS, (2) a motion to set aside the default-judgment action entered against MERS in the 2008 foreclosure action, (3) a motion to stay the 2008 foreclosure default judgment entry pending resolution of the motion to set aside the judgment entry, (4) a motion to consolidate cases 2008 CV 0267 and 2009 CV 0312, or in the alternative, (5) a motion for leave to file an answer to the 2008 complaint and cross-claim.[4]   Union Bank filed a response opposing all BAC's motions in the 2008 foreclosure case.

---

[4] BAC filed its motions in the 2008 foreclosure proceedings, while Union Bank and Minster Bank filed their motions in the 2009 foreclosure proceedings.

{¶ 10} In both the foreclosure actions, the trial court set all the motions for a hearing, which was held on November 3, 2009. Thereafter, on December 3, 2009, the trial court issued a judgment entry addressing the issues in both the 2008 and 2009 foreclosure cases, but specifically stating that it was not consolidating the cases for any purposes other than the issues presented at the November 3, 2009 hearing. Consequently, in its judgment entry, the trial court vacated part of the 2009 foreclosure action, citing that the foreclosure portion of the action had been a "clerical error" within Civ.R. 60(A). Nevertheless, the trial court found that there had been no error as against the Smiths, and thus, it allowed the 2009 foreclosure action to stand, but again only as against the Smiths individually. In addition, the trial court dismissed the 2009 foreclosure complaint on the basis of res judicata and denied the motion to consolidate and motion to substitute defendant BAC as a party-defendant in the 2008 foreclosure action, finding that BAC had not acquired an interest in the property by operation of the doctrine of lis pendens.

{¶ 11} BAC now appeals and raises four assignments of error. For ease of our discussion, we also elect to address all of BAC's assignments of error together.

Assignment of Error No. I

The trial court abused its discretion when it failed to expressly rule on appellant's motion to set aside default judgment and failed to apply the proper standard for ruling on such a motion.

Assignment of Error No. II

The trial court abused its discretion when it vacated the October 7, 2009 judgment entry in case Number 2009 CV 0312 pursuant to CIV.R. 60(A).

Assignment of Error No. III

The trial court abused its discretion when it reprioritized the liens against the property subject to case Numbers 2008 CV 0267 and 2009 CV 0312.

Assignment of Error No. IV

The trial court erred and abused its discretion when it found that BAC did not obtain an interest in the property when it obtained its assignment by operation of the *Lis Pendens* doctrine.

{¶ 12} Essentially, BAC argues that the follwing decisions in the trial court's December 3, 2009 judgment entry were erroneous: (1) its ruling on the motion to substitute, (2) failing to rule on its motion to set aside the default judgment pursuant to Civ.R. 60(B), (3) vacating part of the 2009 foreclosure action, and (4) its reprioritization of the liens against the property in the 2008 foreclosure action.

{¶ 13} As stated above, the trial court first denied the motion to substitute BAC as a party-defendant because it did not obtain any interest in the property when it obtained its assignment from MERS. As a result, the trial court vacated part of the 2009 foreclosure action (only as against the banks) and failed to address BAC's motion to set aside the default judgment pursuant to Civ.R. 60(B). After

reviewing the record and the applicable law, we believe that the trial court did not abuse its discretion in rendering its December 3, 2009 judgment entry.

{¶ 14} First, we will address the motion to substitute BAC as a party-defendant for MERS in the 2008 foreclosure action. Civ.R. 25 governs the substitution of parties. Specifically, Civ.R. 25(C) provides, "In cases of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." The decision of whether to allow a substitution of parties is discretionary with the trial court and may be granted only upon a finding of a transfer of interest. *Ahlrichs v. Tri-Tex Corp.* (1987), 41 Ohio App.3d 207, 534 N.E.2d 1231. As a result, this court uses an abuse-of-discretion standard of review when determining whether a trial court erred with respect to a motion to substitute pursuant to Civ.R. 25. *Argent Mtge. Co. v. Ciemins*, 8th Dist. No. 90698, 2008-Ohio-5994, ¶ 9, citing *Young v. Merrill Lynch, Pierce, Fenner & Smith* (1993), 88 Ohio App.3d 12, 623 N.E.2d 94. An abuse of discretion constitutes more than an error of judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.

{¶ 15} While an assignment typically transfers the lien of the mortgage on the property described in the mortgage, as BAC acknowledged in its reply brief, an assignee can take, and the assignor can give, only the interest currently held by the assignor. R.C. 5301.31. With that stated, it is clear under the facts of this case that BAC never obtained an interest in the property; thus, it could not have been substituted as a party-defendant in the 2008 foreclosure action. Here, with respect to the 2008 foreclosure action, the date that the last party was served with notice was on January 28, 2009, which was almost six months *before* the purported assignment from MERS to BAC. Next, on March 11, 2009, the trial court issued a judgment entry of default against MERS foreclosing on its interest in the property. Once again, this default judgment was entered against MERS almost three months *before* the purported assignment from MERS to BAC occurred. The effect of this default judgment against MERS resulted in MERS having "no interest in and to said premises and the equity of redemption of said Defendants in the real estate described in Plaintiff's Complaint shall be forever cut off, barred, and foreclosed." Nevertheless, according to the documents filed by BAC to evidence its assignment from MERS, MERS assigned its interest to BAC on June 1, 2009. Consequently, as a result of the already entered default judgment against MERS, when BAC was assigned MERS's interest in the property on June 1, 2009, BAC did not receive a viable interest in the property. See *Quill v. Maddox* (May 31, 2002), 2nd Dist. No.

19052, 2002-Ohio-2703, at ¶ 2 (mortgagee's assignee failed to establish that it had an interest in the property, as mortgagee's interest was foreclosed by the court before mortgagee assigned its interest to assignee, which could acquire no more interest than mortgagee held). Thus, it was reasonable for the trial court to have denied the motion to substitute BAC as a party-defendant for MERS, given its lack of interest in the property.

{¶ 16} Additionally, BAC argues that the trial court erred because it did not apply the *GTE Automatic* standard to its motion for relief from judgment. See *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150, 351 N.E.2d 113. In particular, BAC claims that the trial court never ruled on its Civ.R. 60(B) motion. BAC claims that not addressing its motion was erroneous. However, in this particular case, in light of our discussion above, there would have been no need to address the motion and apply any standard to the motion for relief from judgment because BAC lacked standing to challenge the default judgment entered against MERS.

{¶ 17} Civ.R. 60(B) allows "a *party* or his legal representative" to vacate a default judgment upon successfully demonstrating that "(1) the *party* has a meritorious defense or claim to present if relief is granted; (2) the *party* is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." (Emphasis added.) *GTE*

*Automatic Elec., Inc.*, 47 Ohio St.2d at 150. However, BAC was neither a party nor a legal representative because it was not included in the original 2008 foreclosure action and was not allowed to be substituted as a party-defendant for MERS. *Cent. Ohio Receivables Co. v. Huston* (Sept. 20, 1988), 8th Dist. No. 87AP-1185, at \*2-3 (holding that an assignee did not have standing to challenge a default judgment entered against its assignor). Accordingly, BAC lacked standing to challenge the default judgment entered against its assignor MERS in the 2008 foreclosure action, and the trial court did not abuse its discretion when it failed to rule on its motion.

{¶ 18} With respect to the trial court's decision to vacate the 2009 foreclosure action, we note that the trial court did not vacate the 2009 foreclosure action in its entirety; rather, the court vacated only the portion of the action that pertained to an interest in the property. As we will discuss in further detail below, after dismissing the parties who were brought in because they had an interest in the property (i.e., Union Bank and Minster Bank), the only aspect in the 2009 foreclosure action that remained was the default judgment action against the Smiths. Nevertheless, we find that the trial court's decision to vacate part of the 2009 foreclosure action was not an abuse of discretion.

{¶ 19} First of all, since MERS's interest in the property had already been foreclosed prior to the filing of the 2009 foreclosure action, BAC did not obtain

any interest in the property when it was assigned the mortgage from MERS. Thus, BAC could not have brought a foreclosure action at all. Moreover, typically a pending foreclosure action between the same parties is grounds for abatement or dismissal of an assignee's complaint. *Avco Fin. Servs. Loan, Inc. v. Hale* (1987), 36 Ohio App.3d 65, 520 N.E.2d 1378; *High Point Assn. v. Pochatek* (Nov. 30, 1995), 8th Dist. Nos. 68000 and 68395, at *3; *Bates v. Postulate Invests., L.L.C.*, 176 Ohio App.3d 523, 2008-Ohio-2815, 892 N.E.2d 937, ¶ 16. Accordingly, it was reasonable for the trial court to dismiss BAC's complaint based on the fact that the 2008 foreclosure action was still pending at the time BAC filed its 2009 foreclosure action. Therefore, although we may not agree with the trial court's grounds for vacating most of the 2009 foreclosure action, the trial court's decision was reasonable under the circumstances and was not an abuse of discretion.

{¶ 20} Finally, as mentioned above, despite the trial court's denial of the motion to substitute and its decision to vacate the 2009 foreclosure action as it related to any interest in the property, the trial court did add BAC as a lien holder in the December 3, 2009 judgment entry and stated that BAC had a fourth-priority lien against the property. BAC claims that this decision was also an abuse of discretion. Specifically, BAC claims that because the trial court recognized that it had a lien against the property when it added BAC to the 2008-foreclosure lien holder list, the trial court clearly abused its discretion when it recognized BAC as

being only the fourth priority lien holder, despite the fact that it had been assigned MERS's lien, which would have given it the first-priority lien holder to the property. Overall, BAC claims that the trial court could not have recognized that it had an interest in the property without finding that it was also the first-priority lien holder. While we acknowledge that the trial court obviously recognized that BAC had an interest in the property, we disagree with BAC's argument that this interest had to come from MERS's first-priority-lien-holder status pursuant to the mortgage.

{¶ 21} Despite the fact that the trial court vacated most of the 2009 foreclosure action, the trial court found that BAC's default judgment and decree of foreclosure were valid but *only* as against the Smiths: "[A]s between BAC and Defendants Smith, BAC should obtain recovery of its Promissory Note, as assigned." " 'The right to judgment on the note is one cause of action. The right to foreclose a mortgage is another cause of action. One is legal—the other is equitable.' " *Fifth Third Bank v. Hopkins*, 177 Ohio App.3d 114, 2008-Ohio-2959, 894 N.E.2d 65, ¶ 15, quoting *Fed. Deposit Ins. Corp. v. Simon* (Aug. 17, 1977), 9th Dist. No. 8443. This is because a "mortgage is merely security for a debt and is not the debt itself." Id., quoting *Gevedon v. Hotopp*, 2nd Dist. No. 20673, 2005-Ohio-4597, ¶ 27. As another appellate court explained:

> A mortgage is a form of secured debt where the obligation, evidenced by a note, is secured by the transfer of an interest in

property, accomplished by the delivery of a mortgage deed. Upon breach of condition of the mortgage agreement, a mortgagee has concurrent remedies. It may, at its option, sue in equity to foreclose, or sue at law directly on the note; or, bring an action in ejectment, *Equity Savings & Loan v. Mercurio* (1937), 24 Ohio Law Abs. 1, 2. Thus, suit on the note was not foreclosed by the disposition of the previous action in foreclosure * * *.

*Broadview S. & L. Co. v. Crow* (Dec. 30, 1982), 8th Dist. Nos. 44690, 44691, and 45002, at *3.

{¶ 22} As we explained above, BAC did not obtain an interest in the property because the mortgage it had obtained from MERS had already been foreclosed. Nevertheless, the default judgment entered against the Smiths in the 2009 foreclosure action gave BAC a judgment lien on the note, so BAC still had a right to collect its unsecured judgment lien out of the proceeds from the sale of the real estate. However, BAC's judgment lien was not superior to those of Minster or Union Bank because BAC's judgment on the note had not been issued until after the Smiths had executed mortgages to Minster and Union Bank. Therefore, the trial court did not abuse its discretion when it recognized BAC's judgment lien against the property in the 2008 foreclosure action and only recognized it as the fourth lien holder, because BAC's lien was the result of the promissory note assigned from SIB, and not a result of the mortgage assigned by MERS.

{¶ 23} Overall, while we may not necessarily agree with all the doctrines and rules that the trial court used in reaching its decision, we nonetheless have

- 15 -

held that " '[a] judgment by the trial court which is correct, but for a different reason, will be affirmed on appeal as there is no prejudice to the appellant.' " (Citations omitted.) *Wedemeyer v. U.S.S. F.D.R. (CV-42) Reunion Assn.*, 3d Dist. No. 1-09-57, 2010-Ohio-1502, ¶ 50, quoting *Davis v. Widman*, 184 Ohio App.3d 705, 2009-Ohio-5430, 922 N.E.2d 272, ¶ 16.  Based on our discussion above, we find that the trial court did not abuse its discretion when it denied the motion to substitute BAC as a party-defendant for MERS in the 2008 foreclosure case on the basis that BAC did not acquire any interest in the property, when it failed to rule on BAC's Civ.R. 60(B) motion, when it partially vacated the 2009 foreclosure action, and when it allowed BAC to have a fourth-priority judgment lien.

{¶ 24} BAC's first, second, third, and fourth assignments of error are, therefore, overruled.

{¶ 25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

Judgments affirmed.

WILLAMOWSKI, P.J., concurs in judgment only.

ROGERS, J. concurs in part and dissents in part.

_____

ROGERS, Judge, concurring in part and dissenting in part.

**{¶26}** I respectfully concur in part and dissent in part from the decision of the majority.

**{¶27}** As to assignment of error No. I, I concur fully with the majority's finding that the trial court did not err in denying BAC's motion to substitute it as a party-defendant for MERS. I agree with the majority's finding that when the trial court issued a judgment entry against MERS's foreclosing on its interest on March 11, 2009, MERS no longer had any viable interest in the property that it could assign to BAC on June 1, 2009. Therefore, I agree that given BAC's lack of interest in the property, the trial court was reasonable in denying BAC's motion to substitute.

**{¶28}** Additionally, I wish to emphasize that the mortgage designated MERS "solely as nominee for SIB Mortgage Corp." As expressed in my dissent in *Countrywide Home Loans Servicing, L.P. v. Shifflet,* 3d Dist. No. 9-09-31, 2010-Ohio-1266, ¶ 18-21, I believe this language served solely to designate MERS as an agent for purposes of servicing the note and mortgage and did not transfer to MERS any interest in the real estate or the repayment of moneys loaned. Therefore, it was never a real party in interest.

**{¶29}** Additionally, I believe that the majority's finding in assignment of error No. I, with which I concur, is inconsistent with the remainder of the majority opinion.

{¶30} In its analysis of assignment of error No. II, the majority finds that the trial court did not abuse its discretion when it vacated the second foreclosure action (filed by BAC) and its default judgment because (1) BAC never obtained any interest in the property when MERS assigned to it the Smiths' mortgage, and (2) a pending foreclosure action may be grounds for dismissal of an assignee's complaint where the action is between the same parties. Nevertheless, the trial court did not vacate the portion of the second foreclosure action against the Smiths individually. Further, in its analysis of assignment of error No. II, the majority holds that the trial court did not abuse its discretion in listing BAC as the fourth-priority lien holder because (1) BAC had a right to collect its unsecured judgment lien from the sale of the real estate foreclosed upon, and (2) BAC's judgment lien was subordinate to Minster's and Union Bank's interests.

{¶31} While I agree with the majority's conclusion that the trial court did not err in vacating portions of the second foreclosure action, I believe that the trial court erred in failing to vacate the entire second foreclosure action. I find inconsistent the majority's finding that any interest MERS had in the property was extinguished on March 11, 2009, and, thus, that it passed no viable interest to BAC, and the majority's subsequent validation of the trial court's finding that BAC's default judgment and decree of foreclosure were valid against the Smiths. For the same reason, I find inconsistent the majority's validation of the trial

- 18 -

court's prioritizing of BAC as the fourth lien holder in its December 2009 entry. I believe that the March 11, 2009 default judgment extinguished both the legal and equitable interests that MERS, and consequently, BAC, had in the property. I would, therefore, reverse the trial court's judgment, finding that it should have vacated the entire second foreclosure action and that it abused its discretion in recognizing BAC as a lien holder in the first foreclosure action, to which it was never a party. See also *Fifth Third Bank v. Hopkins*, 177 Ohio App.3d 114, 2008-Ohio-2959, ¶ 20 (Carr, P.J., concurring) ("[I]f such subsequent claims are not barred, consumers will be needlessly forced to defend numerous separate lawsuits. The ramifications could be onerous. First, to pay to defend against multiple lawsuits, debt-laden consumers might be forced to assume even greater financial burdens, taking out second or third mortgages on subsequent real estate purchases. This cycle could lead to consumers' overextending themselves financially and facing additional subsequent foreclosure actions. Second, I believe that these subsequent lawsuits for money due, which could be resolved in conjunction with an initial foreclosure action, would clog the dockets of our trial courts").

{¶32} I also disagree with the trial court's application of the lis pendens doctrine, which it used to support its conclusion that BAC had never obtained an interest in the property. I do not believe that this is an appropriate use of lis

pendens, but rather that any interest MERS had, and consequently that BAC could have obtained, was extinguished as operation of judgment.

**{¶33}** Finally, even if BAC had had a valid assignment from a real party in interest, I would find that BAC's foreclosure filing was barred by res judicata as argued in Union Bank's "Motion in Contra to Plaintiff's Motion for Default Judgment and Motion to Dismiss Plaintiff's Complaint." The Supreme Court of Ohio has held that "[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as * * * estoppel by judgment, and issue preclusion, also known as collateral estoppel." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381. This court has previously held that "[c]laim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *Dawson v. Dawson*, 3d Dist. Nos. 14-09-08, 14-09-10, 14-09-11, and 14-09-12, 2009-Ohio-6029, ¶ 36. Additionally, "[w]here a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter." *Dawson*, 2009-Ohio-6029, at ¶ 36, citing *Grava* at 382. Here, Union Bank obtained a default judgment against BAC concerning the same subject matter in March 2009. Consequently, I would find BAC's foreclosure filing in August 2009 to be barred by res judicata.