[Cite as *Multibank 2009-1CML-ADC Venture, L.L.C. v. S. Bass Island Resort, Ltd.*, 2018-Ohio-120.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Multibank 2009-1CML-ADC Venture
LLC (fka Columbian Bank & Trust Co.)

Court of Appeals No. OT-17-005

Appellee

Trial Court No. 2008 CV 0479

v.

South Bass Island Resort, Ltd., et al.

**DECISION AND JUDGMENT**

Appellants

Decided: January 12, 2018

* * * * *

F. Maximilian Czernin, Martha S. Sullivan, Stephanie E. Niehaus, and
Eleanor M. Hagan, for appellee.

D. Jeffery Rengel and Thomas R. Lucas, for appellants.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from the judgment of the Ottawa County Court of

Common Pleas, granting appellee's, Multibank 2009-1CML-ADC Venture LLC (fka

Columbian Bank & Trust Co.), motion for summary judgment on its complaint in

foreclosure against appellants, South Bass Island Resort, Ltd. ("SBIR"), Cecil

Weatherspoon, Terry L. Ross, John C. Tomberlin, and 250 Centre, Ltd. For the reasons

that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} This litigation stems from a 2006 loan agreement between appellee and appellants whereby appellee was to loan SBIR up to $8,600,000 for the development of real property. As a condition of the loan, and in addition to the mortgage on the property, Weatherspoon, Tomberlin, and 250 Centre, Ltd. executed separate cognovit unconditional guarantees of the loan. Weatherspoon also executed, as collateral, an assignment of an insurance policy. It is undisputed that appellants have not made any payments on the loan.

{¶ 3} On August 15, 2008, appellee filed its complaint in foreclosure against appellants in the present action. At the same time, appellee also filed a complaint for judgment on the note in a companion case in Erie County (the "Erie County case").

{¶ 4} On January 13, 2012, appellee moved for summary judgment in this foreclosure action.[1] In support of its motion, appellee relied on the November 22, 2011 judgment in the Erie County case finding that appellee owned the note and that appellants defaulted on the note, and entering judgment against appellants in the amount of $7,849,093.30 plus interest, payment of taxes, assessments and insurance, and costs. In particular, appellee argued that the Erie County judgment collaterally estopped appellants

---

[1]Appellee had previously moved for summary judgment on December 16, 2011, which the trial court summarily denied because the motion failed to comply with a local rule.

2.

from re-litigating the issue of liability under the note. Appellee further argued that it had satisfied all pertinent requirements, and was entitled to an order of foreclosure.

{¶ 5} In response, appellants argued that the Erie County judgment was not yet final because there remained an issue for trial regarding the validity of Tomberlin's guaranty, and because appellants intended to appeal the Erie County judgment. Thus, appellants claimed that appellee could not rely on the Erie County judgment to establish its right to foreclosure.

{¶ 6} On January 22, 2013, the trial court granted appellee's motion for summary judgment. That decision was appealed to this court, and in *Multibank 2009-1 CML-ADC Venture, LLC v. South Bass Island Resort, Ltd.*, 6th Dist. Ottawa No. OT-13-004, 2014-Ohio-4513, we reversed. In our decision, we agreed with appellants that the Erie County judgment was not a final judgment entitled to preclusive effect. *Id.* at ¶ 33. Thus, we were required to determine whether summary judgment was properly granted solely upon consideration of the evidence submitted in support of appellee's motion. Upon such consideration, we held that the evidence was insufficient to support summary judgment in that the affidavit submitted by appellee failed to state that SBIR was in default or that appellee had complied with all conditions precedent for foreclosure. *Id.* at ¶ 45. Accordingly, we remanded the matter to the trial court for further proceedings.

{¶ 7} On November 20, 2015, appellee renewed its motion for summary judgment. In its renewed motion, appellee stated that the Erie County judgment had now become final, in that the remaining issue concerning Tomberlin's guaranty had been resolved by an April 21, 2014 judgment entry finding Tomberlin liable on the loan as a guarantor.

3.

Further, appellee submitted affidavits indicating that appellants were in default of the loan and mortgage, and that all conditions precedent to foreclosure had been satisfied. Therefore, appellee again requested summary judgment in its favor on its complaint in foreclosure.

{¶ 8} Appellants, in response, opposed appellee's renewed motion for summary judgment, and moved for summary judgment in their favor on appellee's claims. In particular, appellants argued that appellee failed to seek leave of court before filing its third motion for summary judgment, and thus the motion must be denied. Alternatively, appellants argued for the first time that appellee was prohibited by the doctrines of res judicata and merger and bar from prosecuting its foreclosure action because appellee had already chosen to litigate liability under the note in Erie County. Appellants asserted that because the breach of the loan agreement and foreclosure of the mortgage involved the same parties and the same transaction, the principles of res judicata required that appellee litigate its claims for liability under the note and for foreclosure at the same time.

{¶ 9} On January 12, 2017, the trial court entered its judgment granting appellee's motion for summary judgment, and denying appellants' cross-motion for summary judgment.

## II. Assignments of Error

{¶ 10} Appellants have timely appealed the trial court's January 12, 2017 judgment, and now assert two assignments of error for our review:

4.

I. The trial court erred when it granted appellee's third motion for summary judgment in violation of the doctrines of res judicata and merger and bar.

II. The trial court erred when it considered appellee's third motion for summary judgment filed without leave.

### III. Analysis

{¶ 11} We review the grant of a motion for summary judgment de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 12} In their first assignment of error, appellants argue that appellee is barred by res judicata from proceeding in the foreclosure action. Appellants assert that appellee's claims for breach of the loan agreement and breach of the mortgage agreement arose out of the same transaction, and they note that, in the foreclosure action, appellee was not seeking foreclosure based upon a judgment lien from another county, but rather upon breach of the loan agreement. Thus, appellants contend that because appellee elected to litigate its claims separately, in two different courts, appellee was bound by the decision

5.

of the first court to enter a final judgment, and is prevented from seeking additional relief or recovery in a second action based upon the same transaction involving the same parties.

{¶ 13} Appellee, in response, argues that a note and mortgage are legally distinct transactions, and thus claims related to each may be brought in separate actions. In support, appellee relies on *First Fed. S. & L. Assn. of Newark v. Community Hous. Dev., Inc.*, 5th Dist. Fairfield No. 10-CA-10, 2010-Ohio-4280. In that case, the bank sought judgment in Franklin County on the cognovit note. Later, the bank filed a foreclosure action in Fairfield County. Similar to appellants, the debtor in *First Fed.* argued that res judicata barred the bank from proceeding in the foreclosure action. However, the Fifth District recognized that "an action on a cognovit note does not necessarily also involve or require a foreclosure action and an action on a note does not involve the property securing the note." *Id.* at ¶ 25. Therefore, the court held that because "a foreclosure action is a separate and distinct action from a complaint on a note, res judicata and/or collateral estoppel does not apply, and a plaintiff need not include both in a single complaint in order to preserve all issues." *Id.* at ¶ 28; *see also Fifth Third Bank v. Hopkins*, 177 Ohio App.3d 114, 2008-Ohio-2959, 894 N.E.2d 65, ¶ 17 (9th Dist.) ("Because a mortgage and an accompanying promissory note securing the mortgage constitute separate contracts, they give rise to legally distinct remedies that cannot be pursued in a single-count foreclosure suit. * * * [A] mortgage foreclosure expressly has been held not to bar a subsequent suit on a guaranty. * * * [A] judgment of foreclosure

6.

[does] not adjudicate the defendant's rights and liabilities under a guaranty contract, and, therefore, the doctrine of res judicata [does] not apply.").

{¶ 14} We find the reasoning of the Fifth District in *First Fed.* to be persuasive. Therefore, we hold that the doctrine of res judicata does not apply to bar appellee's complaint in foreclosure.

{¶ 15} Accordingly, appellants' first assignment of error is not well-taken.

{¶ 16} In their second assignment of error, appellants argue that appellee's motion for summary judgment should have been denied because it did not comply with Civ.R. 56(A), which provides, in pertinent part,

> A party may move for summary judgment at any time after the
> expiration of the time permitted under these rules for a responsive motion
> or pleading by the adverse party, or after service of a motion for summary
> judgment by the adverse party.  If the action has been set for pretrial or
> trial, a motion for summary judgment may be made only with leave of
> court.

{¶ 17} Here, although disputed by appellee, we will presume for purposes of our analysis that appellee was required to, but did not, seek leave of court before filing its renewed motion for summary judgment.

{¶ 18} Notably, appellants raised this same argument in their first appeal in this matter, and our holding is the same now as it was then.  In our view, the trial court impliedly granted appellee leave to file its renewed motion for summary judgment when it considered and ruled on the motion.  *See St. Paul Fire & Marine Ins. Co. v. Corwin*,

7.

6th Dist. Wood No. WD-00-058, 2001 Ohio App. LEXIS 2223, * 5-6 (May 18, 2001);

*Capital One Bank (USA) N.A. v. Ryan*, 10th Dist. Franklin No. 14AP-102, 2014-Ohio-3932, ¶ 31.

{¶ 19} Accordingly, appellants' second assignment of error is not well-taken.

### IV. Conclusion

{¶ 20} For the foregoing reasons, we find that substantial justice has been done the parties complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                JUDGE
Thomas J. Osowik, J.

               _____
Christine E. Mayle, P.J.       JUDGE
CONCUR.

               _____
                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.