OPINION
{¶ 1} Plaintiff-Appellant, Curtis Albright, appeals a Crawford County Court of Common Pleas judgment, granting the motion for summary judgment of Defendants-Appellees, Rosewood Manor Nursing Home ("Rosewood") and American Home Assurance Company ("American Home"). Albright asserts that the trial court erred by not entering default judgment in his favor and in entering summary judgment in Appellees' favor prior to the expiration of the fourteen day filing deadline. Based on the following, we affirm the judgment of the trial court.
 {¶ 2} In December of 2000, Albright was injured in an automobile accident. Albright was the passenger in a vehicle driven by Michael Hunter, who was at fault and underinsured. At the time of the accident, Albright lived with his parents, Linda and Bernard Albright.
 {¶ 3} On December 10, 2002, Albright filed a complaint for damages against Cincinnati Equitable Insurance Company, the Albright's uninsured/underinsured insurer. Additionally, in the complaint, Albright filed for declaratory relief against General Security Insurance, Precision Lube, and Rosewood, Bernard and Linda Albright's employers, pursuant to Scott-Pontzer v. LibertyMutual Fire Ins. Co. (1999), 85 Ohio St.3d 660. Albright's complaint also named John Doe defendants, which were identified as potential insurers. American Home was not named as a defendant. All defendants were properly served by December 20, 2002.
 {¶ 4} In February of 2003, General Security Insurance filed an answer. Subsequently, on February 14, 2003, Albright filed a motion for default judgment against Cincinnati Equitable Insurance Company. The court granted Albright's motion for default judgment on February 24, 2003.
 {¶ 5} On March 13, 2003, Rosewood's counsel contacted counsel for Albright. Rosewood attempted to explain that no answer had been filed because of a delay on the part of Rosewood in forwarding the complaint on to its legal department. Albright's counsel declined to consent to Rosewood's request for leave to file an answer.
 {¶ 6} On March 14, 2003, Rosewood filed a motion for leave to file an answer. In its motion for leave to file an answer, Rosewood claimed that its failure to timely file an answer was due to excusable neglect and represented an isolated incident. Additionally, Rosewood filed a jury demand and there was an entry of appearance of counsel on Rosewood's behalf.
 {¶ 7} On March 17, 2003, Albright filed a motion for default judgment against Rosewood, claiming that Rosewood had been properly served and had failed to answer the complaint within twenty-eight days.
 {¶ 8} On March 24, 2003, Albright filed a response to Rosewood's motion for leave to file an answer, claiming that Rosewood failed to substantiate its claim of excusable neglect.
 {¶ 9} On March 26, 2003, the court granted Rosewood's motion for leave to file an answer. That same day, Rosewood filed its answer and affirmative defenses.
 {¶ 10} On March 27, 2003, Rosewood filed its motion in opposition to Albright's motion for default judgment. The court did not rule on Albright's motion for default judgment.
 {¶ 11} Subsequently, Cincinnati Equitable Insurance Company filed a motion for leave to file an answer. The court granted that motion and Cincinnati Equitable Insurance Company filed its answer.
 {¶ 12} On December 1, 2003, Rosewood and American Home filed a joint motion for summary judgment, claiming that there was no genuine issue of material fact, pursuant to Westfield Ins. Co.v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, motion for reconsideration denied at 100 Ohio St.3d 1548. On December 2, 2003, General Security filed a motion for summary judgment as well.
 {¶ 13} On December 5, 2003, Albright filed a response to General Security's motion for summary judgment. Albright did not file a response to Appellees' motion for summary judgment. On December 10, 2003, the court, in two separate judgment entries, granted the motions for summary judgment of both Appellees and General Security.
 {¶ 14} It is from the December 10, 2003 judgment, granting Appellees' motion for summary judgment, that Albright appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I The court erred in not entering a default judgment forplaintiffs where the defendant failed to offer any proof ofexcusable neglect.
 Assignment of Error No. II The court erred in entering summary judgment before theexpiration of 14 days from the filing of the motion.
 {¶ 15} Initially, we must point out that while American Home is involved in this appeal, it has never been properly joined as a party. American Home was never named as a party and there is nothing in the record to indicate that it was properly brought into the case as a defendant. While neither Albright nor Appellees address this issue, Appellees' claim that American Home entered an appearance in July of 2003. Upon a review of that notice of appearance, it is void of any reference to American Home. We cannot find that the notice of appearance filed by Rosewood's counsel properly joined American Home as a party. Further, American Home did join Rosewood's motion for summary judgment. However, without being properly entered as a party, joining Rosewood's motion for summary judgment did not correct American Home's lack of standing. Accordingly, American Home lacks standing on appeal, and therefore, this Court will not address its claims in this opinion.
 Assignment of Error No. 1 {¶ 16} In the first assignment of error, Albright contends that the trial court erred in not entering default judgment in his favor. Specifically, Albright argues that Rosewood failed to demonstrate proof of excusable neglect under Civ. R. 60(B).
 {¶ 17} While Albright argues that the court's error was that it did not enter default judgment in his favor, the trial court never entered any judgment on the motion for default judgment. In failing to rule on the motion for default judgment, the court did implicitly deny Albright a default judgment against Rosewood; however, prior to ruling on the motion for default judgment, Rosewood's motion for leave to file an answer had been granted and Rosewood had filed an answer. "[W]hen a case is at issue because a defendant has filed an answer, there can be no default judgment." Office of Disciplinary Counsel v. Jackson (1998),81 Ohio St.3d 308, 311; See, also, Ohio Valley Radiology Assoc.,Inc. v. Ohio Valley Hosp. Ass'n. (1986), 28 Ohio St.3d 118,121-122. Thus, because an answer had been filed, the court's implicit denial of Albright's motion for default judgment was proper.
 {¶ 18} Nevertheless, we still must determine whether the trial court erred in allowing Rosewood leave to file its untimely answer. It is well recognized that a court may permit the filing of an untimely answer where there is sufficient evidence of excusable neglect on the record. State ex rel. Lindenschmidt v.Butler Cty. Bd. of Commrs. (1995), 72 Ohio St.3d 464, 465;Evans v. Chapman (1986), 28 Ohio St.3d 132, 135; Miller v.Lint (1980), 62 Ohio St.2d 209, 214. The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than on procedural grounds. Marion Production Credit Ass'n. v. Cochran
(1988), 40 Ohio St.3d 265, 271. Further, a trial court's Civ.R. 6(B)(2) determination is left to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. Evans, 28 Ohio St.3d at 135;Miller, 62 Ohio St.2d at 213-214.
 {¶ 19} The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Rock v. Cabral
(1993), 67 Ohio St.3d 108, 112. Accordingly, where a defendant, after failing to file a timely answer, files a Civ.R. 7(B)(1) motion setting forth grounds of excusable neglect pursuant to Civ.R. 6(B), the court may permit the defendant to file an answer out of rule, thereby permitting the case to proceed on its merits. Evans, 28 Ohio St.3d at 135; Miller,62 Ohio St.2d at 214.
 {¶ 20} In the present case, Rosewood complied with the procedural requirements set forth in the Civ. R. 7(B)(1). Thus, the granting of Rosewood's leave to file an answer must be upheld on appeal absent a showing that the trial court abused its discretion. In its judgment entry, the trial court merely stated that Rosewood's motion for leave to file its answer was well taken and granted such motion. In Rosewood's motion for leave to file its answer, Rosewood stated the following grounds for relief:
On December 10, 2002, Plaintiff's filed suit against DefendantRosewood Manor Nursing Center * * * asserting that Rosewood mayhave insurance which would provide coverage for the damagessuffered by Plaintiffs. Per the Court's docket, service ofprocess was perfected on Rosewood on or about December 12, 2002,and filed with the clerk of court on December 16, 2002. Uponreceipt, Rosewood forwarded the complaint to its corporate legaldepartment. Unfortunately, Rosewood's legal department neverreceived the complaint resulting in Rosewood not answering thecomplaint within twenty-eight days (28) days of service. As such,Rosewood's failure to timely file an answer is due to excusableneglect and represents an isolated incident.
 {¶ 21} While we do not condone Rosewood's failure to make sure that its legal department received the complaint in a timely manner, we cannot say that in this case the trail court abused its discretion. First, when a party answers out of rule but before a default is entered, if the answer is good in form and substance, a default should not be entered. Miami Sys. Corp. v.Dry Cleaning Computer Sys. Inc. (1993), 90 Ohio App.3d 181, 186;Mendise v. Plain Dealer Publishing Co. (1990),69 Ohio App.3d 721, 724; Suki v. Blume (1983), 9 Ohio App.3d 289, 290. Further, given that cases should be decided on their merits whenever possible, we cannot say that the trial court, in this case, erred in granting the motion for leave to file an answer to the complaint.
 {¶ 22} In the case sub judice, at the time the court granted Rosewood's motion for leave, Rosewood had properly filed its motion for leave. Prior to filing its motion, Rosewood's counsel had contacted Albright's counsel, explaining the reason for its delay. Additionally, while Albright had filed a previous motion for default judgment against one of the other parties, Albright never filed the motion for default judgment against Rosewood until after Rosewood filed its motion for leave. Thus, because the court had not yet entered default judgment in Albright's favor at the time of its ruling on Rosewood's motion for leave, we cannot say that the trial court, in this case, abused its discretion in allowing Rosewood leave to file an answer.
 {¶ 23} Having found that the trial court did not err in granting Rosewood's motion for leave to file an answer to the complaint, we cannot say the court erred in not granting Albright's motion for default judgment. Accordingly, the first assignment of error is overruled.
 Assignment of Error No. II {¶ 24} In the second assignment of error, Albright contends that the trial court erred in granting Rosewood's motion for summary judgment prior to the expiration of the fourteen days filing deadline under Civ. R. 56(C).
 {¶ 25} Civ. R. 56(C) provides that, "[t]he motion shall be served at least fourteen days before the time fixed for hearing." Here, Rosewood filed its motion for summary judgment on December 1, 2003. The trial court granted Rosewood's motion on December 10, 2003, and, at that time, Albright had not filed response to Rosewood's motion. While the trial court did err in ruling on Rosewood's motion prior to the fourteen day timeline set forth in Civ. R. 56(C), we cannot say that error is reversible.
 {¶ 26} Pursuant to the Ohio Supreme Court's recent decision in Westfield Ins. v. Galatis, 2003-Ohio-5849, at ¶ 2, theScott-Pontzer holding and rationale has been limited "by restricting the application of [UM/UIM] coverage issued to a corporation to employees only while they are acting within the course and scope of their employment unless otherwise specifically agreed."
 {¶ 27} In Galatis, the Court noted:
The general intent of a motor vehicle insurance policy issuedto a corporation is to insure the corporation as a legal entityagainst liability arising from the use of motor vehicles. It issettled law in Ohio that a motor vehicle operated by an employeeof a corporation in the course and scope of employment isoperated by and for the corporation and that an employee, undersuch circumstances, might reasonably be entitled to uninsuredmotorist coverage under a motor vehicle policy issued to hisemployer. However, an employee's activities outside the scope ofemployment are not of any direct consequence to the employer as alegal entity. An employer does not risk legal or fiscal liabilityfrom an employee's operation of a non-business-owned motorvehicle outside the scope of employment is extraneous to thegeneral intent of the commercial auto policy. Id. at ¶ 20 (citations omitted).
 {¶ 28} Accordingly, the Court found that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for [UM/UIM] coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at ¶ 62.
 {¶ 29} It is undisputed that Albright was not a Rosewood employee. Further, the record does not include a copy of Rosewood's insurance policy. Accordingly, we are unable to determine whether Rosewood's policy extended coverage for employees or their family members acting outside the course and scope of employment. Thus, Albright could not have been an insured based upon the record before us.
 {¶ 30} Having found that Albright could not have been an insured, we find that the court's error, in ruling on Rosewood's motion for summary judgment prior to the fourteen day deadline, was harmless. Accordingly, the second assignment of error is overruled.
 {¶ 31} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J. and Bryant, J., concur.