Preston, Judge.
{¶ 1} Appellant-defendant, BAC Home Loans Servicing, L.P., f.k.a. Countrywide Home Loans Servicing, L.P. (“BAC”), appeals the Auglaize County Court of Common Pleas judgments, which vacated BAC’s foreclosure action and denied motions to consolidate and substitute BAC as a party-defendant. For the reasons that follow, we affirm.
{¶ 2} This case involves two separate foreclosure actions filed in the Auglaize County Court of Common Pleas that sought judgments on certain notes and mortgages encumbering the same parcel of real estate, commonly known as 422 South Franklin Street, New Bremen, Ohio (“the property”). The facts of this case are largely not in dispute. On November 13, 2002, Jeffrey Smith and Kandi Smith, who were members of North Carolina Furniture Express, L.L.C., executed a note in favor of SIB Mortgage Corp., a New Jersey corporation, and a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (“MERS”) solely as nominee for SIB Mortgage Corp., for $141,000. The mortgage was subsequently recorded in the Auglaize County Recorder’s Office on November 18, 2002.
{¶ 3} Several years later, on January 19, 2007, the Smiths executed another note and mortgage in favor of appellee Minster Bank for $30,000. This mortgage was recorded in the Auglaize County Recorder’s Office on January 26, 2007. Then, on March 5, 2007, the Smiths executed three separate notes and mortgages in favor of appellee The Union Bank Company for $100,000, $25,000, and $24,500, *541 which were subsequently recorded in the Auglaize County Recorder’s Office on March 9, 2007.[1]
{¶ 4} On July 23, 2008, Union Bank filed a complaint for foreclosure against the property, which was designated case No. 2008 CY 0267 (“the 2008 foreclosure”). In the complaint, Union Bank listed North Carolina Furniture Express, L.L.C., the Smiths, Minster Bank, MERS, SIB, the Auglaize County Treasurer, and Entrust Administration, Inc. as defendants possibly having an interest in the property. All named defendants were served with notice. According to the record, MERS was served on July 30, 2008, and SIB was served on November 14, 2008. Minster Bank and the Smiths filed timely answers to the complaint.
{¶ 5} Union Bank filed a motion for default judgment against defendants MERS, SIB, and Entrust Administration, Inc., on March 10, 2009. The motion for default judgment was sent to all named defendants in the matter, including MERS and SIB. The trial court granted Union Bank a default judgment on March 10, 2009, specifically stating that the defendants had “been legally served with summons and that Defendants are in default for answer or appearance and therefore ha[ve] no interest in and to said premises and the equity of redemption of said Defendants in the real estate described in Plaintiffs Complaint shall be forever cut off, barred, and foreclosed.” On March 11, 2009, Union Bank filed a motion for summary judgment against the Smiths, Minster Bank, and the Auglaize County Treasurer. Similarly, a copy of the motion for summary judgment was sent to all named defendants in the matter, including MERS and SIB. On March 30, 2009, the trial court granted the motion for summary judgment and issued a judgment of foreclosure providing that the lien priority on the property was as follows: the Auglaize County Treasurer, Minster Bank, and then Union Bank.
{¶ 6} The Smiths filed for bankruptcy shortly thereafter, on May 12, 2009, causing the matter to be stayed. On June 9, 2009, the bankruptcy court issued a relief from stay and abandonment for Union Bank, which allowed the 2008 foreclosure matter to continue, effective on July 31, 2009, and the property was scheduled for sheriffs sale on October 1, 2009. However, due to a notice of sale not being received or served on all party defendants, the sale was cancelled and rescheduled for December 4, 2009.
{¶ 7} During this time and right after the Smiths had filed for bankruptcy, on June 1, 2009, MERS (acting solely as a nominee for SIB) assigned appellant BAC *542 its interest in the property. Consequently, on August 28, 2009, BAC filed a complaint for foreclosure against the property in the Auglaize County Court of Common Pleas, which was designated case No. 2009 CY 0312 (“the 2009 foreclosure”). Along with the complaint, BAC filed a preliminary judicial report showing what it believed to be a representation of any and all interests in the property.[2] In its complaint, BAC named the Smiths, Minster Bank, Union Bank, and the Auglaize County Treasurer as defendants having a possible interest in the property. Only Minster Bank and Union Bank filed answers to the complaint.[3] Thereafter, on October 7, 2009, BAC filed a motion for default judgment against the nonanswering parties, and that same day, the trial court issued a judgment entry and decree in foreclosure granting BAC’s motion for default judgment and listing the lien priority on the property in the following order: the Auglaize County Treasurer, BAC, Minster Bank, and then Union Bank.
{¶ 8} As a result, on October 9, 2009, Union Bank filed a motion contra to BAC’s motion for default judgment and a motion to dismiss BAC’s complaint in the 2009 foreclosure action based on the existence of the 2008 foreclosure action. Additionally, on October 16, 2009, Union Bank and Minster Bank filed a joint motion to vacate the judgment entry of default in the 2009 foreclosure action, because they had not been afforded sufficient time to respond to BAC’s motion before the judgment entry of foreclosure had been granted.
{¶ 9} In response to the existence of the 2008 foreclosure action, on October 21, 2009, BAC filed several motions, which included (1) a motion to substitute defendant BAC for defendant MERS, (2) a motion to set aside the default-judgment action entered against MERS in the 2008 foreclosure action, (3) a motion to stay the 2008 foreclosure default judgment entry pending resolution of the motion to set aside the judgment entry, (4) a motion to consolidate cases 2008 CV 0267 and 2009 CV 0312, or in the alternative, (5) a motion for leave to file an answer to the 2008 complaint and cross-claim.[4] Union Bank filed a response opposing all BAC’s motions in the 2008 foreclosure case.
{¶ 10} In both the foreclosure actions, the trial court set all the motions for a hearing, which was held on November 3, 2009. Thereafter, on December 3, 2009, *543 the trial court issued a judgment entry addressing the issues in both the 2008 and 2009 foreclosure cases, but specifically stating that it was not consolidating the cases for any purposes other than the issues presented at the November 3, 2009 hearing. Consequently, in its judgment entry, the trial court vacated part of the 2009 foreclosure action, citing that the foreclosure portion of the action had been a “clerical error” within Civ.R. 60(A). Nevertheless, the trial court found that there had been no error as against the Smiths, and thus, it allowed the 2009 foreclosure action to stand, but again only as against the Smiths individually. In addition, the trial court dismissed the 2009 foreclosure complaint on the basis of res judicata and denied the motion to consolidate and motion to substitute defendant BAC as a party-defendant in the 2008 foreclosure action, finding that BAC had not acquired an interest in the property by operation of the doctrine of lis pendens.
{¶ 11} BAC now appeals and raises four assignments of error. For ease of our discussion, we also elect to address all of BAC’s assignments of error together.
Assignment of Error No. I
The trial court abused its discretion when it failed to expressly rule on appellant’s motion to set aside default judgment and failed to apply the proper standard for ruling on such a motion.
Assignment of Error No. II
The trial court abused its discretion when it vacated the October 7, 2009 judgment entry in case Number 2009 CV 0312 pursuant to CIV.R. 60(A).
Assignment of Error No. Ill
The trial court abused its discretion when it reprioritized the liens against the property subject to case Numbers 2008 CV 0267 and 2009 CV 0312.
Assignment of Error No. IV
The trial court erred and abused its discretion when it found that BAC did not obtain an interest in the property when it obtained its assignment by operation of the Lis Pendens doctrine.
{¶ 12} Essentially, BAC argues that the following decisions in the trial court’s December 3, 2009 judgment entry were erroneous: (1) its ruling on the motion to substitute, (2) failing to rule on its motion to set aside the default judgment pursuant to Civ.R. 60(B), (3) vacating part of the 2009 foreclosure action, and (4) its reprioritization of the liens against the property in the 2008 foreclosure action.
*544 {¶ 13} As stated above, the trial court first denied the motion to substitute BAC as a party-defendant because it did not obtain any interest in the property when it obtained its assignment from MERS. As a result, the trial court vacated part of the 2009 foreclosure action (only as against the banks) and failed to address BAC’s motion to set aside the default judgment pursuant to Civ.R. 60(B). After reviewing the record and the applicable law, we believe that the trial court did not abuse its discretion in rendering its December 3, 2009 judgment entry.
{¶ 14} First, we will address the motion to substitute BAC as a party-defendant for MERS in the 2008 foreclosure action. Civ.R. 25 governs the substitution of parties. Specifically, Civ.R. 25(C) provides, “In cases of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.” The decision of whether to allow a substitution of parties is discretionary with the trial court and may be granted only upon a finding of a transfer of interest. Ahlrichs v. Tri-Tex Corp. (1987), 41 Ohio App.3d 207, 534 N.E.2d 1231. As a result, this court uses an abuse-of-discretion standard of review when determining whether a trial court erred with respect to a motion to substitute pursuant to Civ.R. 25. Argent Mtge. Co. v. Ciemins, 8th Dist. No. 90698, 2008-Ohio-5994, 2008 WL 4949848, ¶ 9, citing Young v. Merrill Lynch, Pierce, Fenner & Smith (1993), 88 Ohio App.3d 12, 623 N.E.2d 94. An abuse of discretion constitutes more than an error of judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
{¶ 15} While an assignment typically transfers the lien of the mortgage on the property described in the mortgage, as BAC acknowledged in its reply brief, an assignee can take, and the assignor can give, only the interest currently held by the assignor. R.C. 5301.31. With that stated, it is clear under the facts of this case that BAC never obtained an interest in the property; thus, it could not have been substituted as a party-defendant in the 2008 foreclosure action. Here, with respect to the 2008 foreclosure action, the date that the last party was served with notice was on January 28, 2009, which was almost six months before the purported assignment from MERS to BAC. Next, on March 11, 2009, the trial court issued a judgment entry of default against MERS foreclosing on its interest in the property. Once again, this default judgment was entered-against MERS almost three months before the purported assignment from MERS to BAC occurred. The effect of this default judgment against MERS resulted in MERS having “no interest in and to said premises and the equity of redemption of said Defendants in the real estate described in Plaintiffs Complaint shall be forever *545 cut off, barred, and foreclosed.” Nevertheless, according to the documents filed by BAC to evidence its assignment from MERS, MERS assigned its interest to BAC on June 1, 2009. Consequently, as a result of the already entered default judgment against MERS, when BAC was assigned MERS’s interest in the property on June 1, 2009, BAC did not receive a viable interest in the property. See Quill v. Maddox (May 31, 2002), 2nd Dist. No. 19052, 2002-Ohio-2703, 2002 WL 1150834, at ¶ 2 (mortgagee’s assignee failed to establish that it had an interest in the property, as mortgagee’s interest was foreclosed by the court before mortgagee assigned its interest to assignee, which could acquire no more interest than mortgagee held). Thus, it was reasonable for the trial court to have denied the motion to substitute BAC as a party-defendant for MERS, given its lack of interest in the property.
{¶ 16} Additionally, BAC argues that the trial court erred because it did not apply the GTE Automatic standard to its motion for relief from judgment. See GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 150, 1 O.O.3d 86, 351 N.E.2d 113. In particular, BAC claims that the trial court never ruled on its Civ.R. 60(B) motion. BAC claims that not addressing its motion was erroneous. However, in this particular case, in light of our discussion above, there would have been no need to address the motion and apply any standard to the motion for relief from judgment because BAC lacked standing to challenge the default judgment entered against MERS.
{¶ 17} Civ.R. 60(B) allows “a party or his legal representative” to vacate a default judgment upon successfully demonstrating that “(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *.” (Emphasis added.) GTE Automatic Elec., Inc., 47 Ohio St.2d at 150, 1 O.O.3d 86, 351 N.E.2d 113. However, BAC was neither a party nor a legal representative because it was not included in the original 2008 foreclosure action and was not allowed to be substituted as a party-defendant for MERS. Cent. Ohio Receivables Co. v. Huston (Sept. 20, 1988), 8th Dist. No. 87AP-1185, 1988 WL 99356, at *2-3 (holding that an assignee did not have standing to challenge a default judgment entered against its assignor). Accordingly, BAC lacked standing to challenge the default judgment entered against its assignor MERS in the 2008 foreclosure action, and the trial court did not abuse its discretion when it failed to rule on its motion.
{¶ 18} With respect to the trial court’s decision to vacate the 2009 foreclosure action, we note that the trial court did not vacate the 2009 foreclosure action in its entirety; rather, the court vacated only the portion of the action that pertained to an interest in the property. As we will discuss in further detail *546 below, after dismissing the parties who were brought in because they had an interest in the property (i.e., Union Bank and Minster Bank), the only aspect in the 2009 foreclosure action that remained was the default judgment action against the Smiths. Nevertheless, we find that the trial court’s decision to vacate part of the 2009 foreclosure action was not an abuse of discretion.
{¶ 19} First of all, since MERS’s interest in the property had already been foreclosed prior to the filing of the 2009 foreclosure action, BAC did not obtain any interest in the property when it was assigned the mortgage from MERS. Thus, BAC could not have brought a foreclosure action at all. Moreover, typically a pending foreclosure action between the same parties is grounds for abatement or dismissal of an assignee’s complaint. Avco Fin. Servs. Loan, Inc. v. Hale (1987), 36 Ohio App.3d 65, 520 N.E.2d 1378; High Point Assn. v. Pochatek (Nov. 30, 1995), 8th Dist. Nos. 68000 and 68395, 1995 WL 705251, at *3; Bates v. Postulate Invests., L.L.C., 176 Ohio App.3d 523, 2008-Ohio-2815, 892 N.E.2d 937, ¶ 16. Accordingly, it was reasonable for the trial court to dismiss BAC’s complaint based on the fact that the 2008 foreclosure action was still pending at the time BAC filed its 2009 foreclosure action. Therefore, although we may not agree with the trial court’s grounds for vacating most of the 2009 foreclosure action, the trial court’s decision was reasonable under the circumstances and was not an abuse of discretion.
{¶ 20} Finally, as mentioned above, despite the trial court’s denial of the motion to substitute and its decision to vacate the 2009 foreclosure action as it related to any interest in the property, the trial court did add BAC as a lien holder in the December 3, 2009 judgment entry and stated that BAC had a fourth-priority lien against the property. BAC claims that this decision was also an abuse of discretion. Specifically, BAC claims that because the trial court recognized that it had a lien against the property when it added BAC to the 2008-foreclosure lien holder list, the trial court clearly abused its discretion when it recognized BAC as being only the fourth priority lien holder, despite the fact that it had been assigned MERS’s lien, which would have given it the first-priority lien holder to the property. Overall, BAC claims that the trial court could not have recognized that it had an interest in the property without finding that it was also the first-priority lien holder. While we acknowledge that the trial court obviously recognized that BAC had an interest in the property, we disagree with BAC’s argument that this interest had to come from MERS’s first-priority-lien-holder status pursuant to the mortgage.
{¶ 21} Despite the fact that the trial court vacated most of the 2009 foreclosure action, the trial court found that BAC’s default judgment and decree of foreclosure were valid but only as against the Smiths: “[A]s between BAC and Defendants Smith, BAC should obtain recovery of its Promissory Note, as *547 assigned.” “ ‘The right to judgment on the note is one cause of action. The right to foreclose a mortgage is another cause of action. One is legal — the other is equitable.’ ” Fifth Third Bank v. Hopkins, 177 Ohio App.3d 114, 2008-Ohio-2959, 894 N.E.2d 65, ¶ 15, quoting Fed. Deposit Ins. Corp. v. Simon (Aug. 17, 1977), 9th Dist. No. 8443, 1977 WL 198974. This is because a “mortgage is merely security for a debt and is not the debt itself.” Id., quoting Gevedon v. Hotopp, 2nd Dist. No. 20673, 2005-Ohio-4597, 2005 WL 2107959, ¶ 27. As another appellate court explained:
A mortgage is a form of secured debt where the obligation, evidenced by a note, is secured by the transfer of an interest in property, accomplished by the delivery of a mortgage deed. Upon breach of condition of the mortgage agreement, a mortgagee has concurrent remedies. It may, at its option, sue in equity to foreclose, or sue at law directly on the note; or, bring an action in ejectment, Equity Savings & Loan v. Mercurio (1937), 24 Ohio Law Abs. 1, 2[, 7 O.O. 540]. Thus, suit on the note was not foreclosed by the disposition of the previous action in foreclosure * * *.
Broadview S. & L. Co. v. Crow (Dec. 30, 1982), 8th Dist. Nos. 44690, 44691, and 45002, 1982 WL 2658, at *3.
{¶ 22} As we explained above, BAC did not obtain an interest in the property because the mortgage it had obtained from MERS had already been foreclosed. Nevertheless, the default judgment entered against the Smiths in the 2009 foreclosure action gave BAC a judgment lien on the note, so BAC still had a right to collect its unsecured judgment lien out of the proceeds from the sale of the real estate. However, BAC’s judgment lien was not superior to those of Minster or Union Bank because BAC’s judgment on the note had not been issued until after the Smiths had executed mortgages to Minster and Union Bank. Therefore, the trial court did not abuse its discretion when it recognized BAC’s judgment lien against the property in the 2008 foreclosure action and only recognized it as the fourth lien holder, because BAC’s lien was the result of the promissory note assigned from SIB, and not a result of the mortgage assigned by MERS.
{¶ 23} Overall, while we may not necessarily agree with all the doctrines and rules that the trial court used in reaching its decision, we nonetheless have held that “ ‘[a] judgment by the trial court which is correct, but for a different reason, will be affirmed on appeal as there is no prejudice to the appellant.’ ” (Citations omitted.) Wedemeyer v. U.S.S. F.D.R. (CV-I2) Reunion Assn., 3d Dist. No. 1-09-57, 2010-Ohio-1502, 2010 WL 1267215, ¶ 50, quoting Davis v. Widman, 184 Ohio App.3d 705, 2009-Ohio-5430, 922 N.E.2d 272, ¶ 16. Based on our discussion above, we find that the trial court did not abuse its discretion when it denied the motion to substitute BAC as a party-defendant for MERS in the 2008 foreclosure case on the basis that BAC did not acquire any interest in the *548 property, when it failed to rule on BAC’s Civ.R. 60(B) motion, when it partially vacated the 2009 foreclosure action, and when it allowed BAC to have a fourth-priority judgment lien.
{¶ 24} BAC’s first, second, third, and fourth assignments of error are, therefore, overruled.
{¶ 25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
Willamowski, P.J., concurs in judgment only.
Rogers, J., concurs in part and dissents in part.

. Only with respect to their notes and mortgages in favor of Union Bank did the Smiths sign as both members for North Carolina Furniture Express, L.L.C., and individually. With respect to the other notes and mortgages executed, the Smiths signed only in their individual capacity.

. As noted by the parties at the final hearing on November 2, 2009, neither the preliminary judicial report nor the supplemental judicial report showed the 2008 foreclosure action as pending against the property.

. In its answer, Union Bank specifically stated, "FURTHERMORE, Defendant, The Union Bank Company admits it has an interest in the described premises by virtue of a Complaint of Foreclosure pending with the Auglaize Count Common Pleas Court Case No.: 2008 CV 0267 file by The Union Bank Company on July 23, 2008.”

. BAC filed its motions in the 2008 foreclosure proceedings, while Union Bank and Minster Bank filed their motions in the 2009 foreclosure proceedings.