[Cite as *Everbank v. Vanarnhem*, 2013-Ohio-3872.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

EVERBANK,

    PLAINTIFF-APPELLEE,

                                 CASE NO. 14-13-02

    v.

JAY B. VANARNHEM,

    DEFENDANT-APPELLANT,
    -and-                                  O P I N I O N

JP MORGAN CHASE BANK, N.A., ET AL.,

    DEFENDANTS-APPELLEES.

---

Appeal from Union County Common Pleas Court
Trial Court No. 12 CV 0060

Judgment Affirmed

Date of Decision: September 9, 2013

---

APPEARANCES:

    *Audra J. Tidball* for Appellant, Vanarnhem

    *Scott A. King and Jessica E. Salisbury* for Appellee, Everbank

**PRESTON, P.J.**

{¶1} Defendant-appellant, Jay B. Vanarnhem, appeals the Union County Court of Common Pleas' judgment entry of foreclosure. We affirm.

{¶2} On August 9, 2005, Vanarnhem executed an interest-first adjustable-rate promissory note in the amount of $276,850.00 payable to M/I Financial Corporation as lender to purchase a home located at 7036 Post Preserve Boulevard, Dublin, OH 43016. (Doc. No. 2, attached); (Cliatt Aff., Doc. No. 26, at ¶ 5); (Weatherly Aff., Doc. No. 42, at ¶ 6). The note was indorsed by Wells Fargo Bank, N.A., the servicing agent for the note. (Doc. No. 2, attached); (Cliatt Aff., Doc. No. 26, at ¶ 1); (Weatherly Aff. Doc. No. 42, at ¶ 1). That same day, Vanarnhem executed a mortgage against the property to secure the debt in favor of Mortgage Electronic Registration Systems ("MERS") as nominee for M/I Financial and its successors and assigns. (Doc. No. 2, attached); (Cliatt Aff., Doc. No. 26, at ¶ 6). The mortgage was filed on September 6, 2005, recorded in Volume 634 of the Official Records at Page 664, in the Union County, Ohio Recorder's Office. (Doc. No. 2, attached).

{¶3} According to the terms of the note, the first five years of payments, up to and including the September 1, 2010 payment, were interest-only payments. (Weatherly Aff., Doc. No. 42 at ¶ 9). Beginning with the October 1, 2010 payment, payments would be made toward interest and principal. (*Id.* at ¶ 10-11).

Vanarnhem made the October 1, 2010 payment, of which $620.72 was applied to principal, $692.13 was applied to interest, and $666.09 was escrowed. (*Id.* at ¶ 13). Vanarnhem failed to make payments on the note thereafter, leaving a principal balance of $276,229.28. (*Id.* at ¶ 14); (Cliatt Aff., Doc. No. 26, at ¶ 8-9).

**{¶4}** On January 25, 2012, MERS, as nominee for M/I Financial, assigned the mortgage to Everbank. (Doc. No. 2, attached). The assignment was recorded on February 1, 2012 in Volume 949, Page 906 of the Official Records in the Union County, Ohio Record's Office.

**{¶5}** On February 17, 2012, Everbank filed a foreclosure complaint against Vanarnhem, his unknown spouse (if any), J.P. Morgan Chase Bank, N.A., Park Place/Post Preserve Homeowners' Association, Inc., and the Union County Treasurer. (Doc. No. 2). Vanarnhem was served with a copy of the complaint by certified mail on February 24, 2012. (Doc. No. 15).

**{¶6}** On February 27, 2012, the Union County Treasurer filed an answer claiming an interest in the property for current and delinquent taxes. (Doc. No. 20). No other defendant, including Vanarnhem, filed an answer.

**{¶7}** On September 27, 2012, Everbank filed a motion for default judgment against all the named defendants who failed to file an answer, including Vanarnhem. (Doc. No. 25).

{¶8} On October 4, 2012, Vanarnhem filed a motion for leave to file a responsive pleading alleging that he was unable to previously seek counsel due to a chronic medical illness that required frequent hospitalization. (Doc. No. 30).

{¶9} On October 30, 2012, the trial court denied Vanarnhem's motion, finding that he failed to demonstrate excusable neglect under Civ.R. 6(B)(2). (Doc. No. 31). That same day, the trial court granted Everbank's motion for default judgment but held the motion in abeyance on the issue of damages upon Everbank filing supporting documentation. (Doc. No. 33).

{¶10} On November 7, 2012, Vanarnhem filed a motion for reconsideration and motion to dismiss the complaint pursuant to Civ.R. 12(B)(1) and *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017. (Doc. No. 35). Everbank filed a memorandum in opposition on November 20, 2012. (Doc. No. 36).

{¶11} On November 30, 2012, Everbank filed notice of its compliance with the trial court's October 30, 2012 judgment entry and the affidavit of Amanda Weatherly, the Vice President of Loan Documentation for Wells Fargo Bank, N.A., representing that, as of August 30, 2012, Vanarnhem owed a total of $305,365.52 on the note. (Doc. Nos. 41-42)

{¶12} On December 4, 2012, Vanarnhem filed a reply to Everbank's memorandum in opposition. (Doc. No. 44).

{¶13} On December 7, 2012, Vanarnhem filed a motion to strike Weatherly's affidavit for lack of personal knowledge. (Doc. No. 45).

{¶14} On December 11, 2012, the trial court denied Vanarnhem's motion for reconsideration/dismissal of the complaint. (Doc. No. 47).

{¶15} On December 21, 2012, Everbank filed a memorandum in opposition to Vanarnhem's motion to strike. (Doc. No. 49).

{¶16} On January 8, 2013, the trial court denied Vanarnham's motion to strike and granted Everbank default judgment. (Doc. Nos. 50-51).

{¶17} On January 24, 2013, Vanarnhem filed a notice of appeal. (Doc. No. 55). Vanarnhem raises three assignments of error for our review.

### Assignment of Error No. I

**The trial court abused its discretion when it denied Mr. Vanarnhem's Motion For Leave to File an Answer, holding that Mr. Vanarnhem's illness did not constitute excusable neglect under Civ.R. 6(B) for failure to timely file his Answer, and doing so without holding a hearing.**

{¶18} In his first assignment of error, Vanarnhem argues that the trial court abused its discretion by denying him leave to file an answer out of rule because he had a serious medical illness requiring frequent hospitalization and Everbank did not request default judgment until nearly eight months after the complaint was filed. Vanarnhem also argues that the trial court abused its discretion by failing to hold a hearing on the motion for leave.

**{¶19}** The defendant is required to file an answer within 28 days after service of the summons and complaint upon him. Civ.R. 12(A)(1). Civ.R. 6(B)(2) provides the trial court broad, but not unlimited, discretion to extend this time limit upon motion after the time limit's expiration where the party's failure to act was due to excusable neglect. *Davis v. Immediate Med. Servs., Inc.*, 80 Ohio St.3d 10, 14 (1997). A reviewing court will not reverse a trial court's decision to deny a Civ.R. 6(B)(2) motion for an extension of time absent an abuse of discretion. *Id.*, citing *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 271 (1988). The term "abuse of discretion" connotes more than an error of judgment; rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Rock v. Cabral*, 67 Ohio St.3d 108, 112 (1993).

**{¶20}** "Although excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B)." *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 466 (1995). To determine whether neglect is excusable or inexcusable, the trial court must evaluate all the surrounding facts and circumstances ever-mindful that cases should be decided, where possible, on the merits rather than on procedural grounds. *Id.*, citing *Cochran*, 40 Ohio St.3d at 271; *Griffey v. Rajan*, 33 Ohio St.3d 75 (1987), syllabus.

{¶21} Vanarnhem argues that he demonstrated excusable neglect because he suffers from histoplasmosis,[1] a debilitating illness which requires frequent hospitalization. We conclude, however, that the trial court did not abuse its discretion by determining that Vanarnhem failed to demonstrate excusable neglect. To begin with, Vanarnhem failed to file any responsive pleading for almost eight months, and then only filed his motion for leave *after* Everbank requested default judgment. Then, when he did file his motion for leave, Vanarnhem failed to attach any affidavit or other documentation supporting his alleged debilitating illness. In his motion for leave, Vanarnhem alleged that he was unable to "retain" counsel prior to filing his motion, though he sought counsel prior to Everbank's motion for default judgment. (Doc. No. 30). It appears that Vanarnhem's failure to retain counsel was for financial reasons. (*Id.*). A litigant's inability to afford an attorney is generally not "excusable neglect" under Civ.R. 6(B)(2). *Rudolf v. Rudolf*, 7th Dist. Mahoning No. 96 CA 60, *3 (Aug. 26, 1999). *See also Doe v. Canton Regency*, 5th Dist. Stark No. 2010 CA 00048, 2010-Ohio-5976, ¶ 65 (failure to obtain counsel for financial reasons is not excusable neglect under Civ.R. 60(B)(1)); *Brooke v. James R. Rea Ents., Inc.*, 9th Dist. Summit No. 25433, 2011-Ohio-1531, ¶ 11 (same).

---

[1] Histoplasmosis is "[a] disease caused by the inhalation of the spores of the fungus *Histoplasma capsulatum*. It may affect the lungs and simulate tuberculosis, or it may involve the reticuloendothelial system, in which case it is marked by fever, loss of weight, enlargement of the liver and spleen, leukopenia, etc." 3 J.E. Schmidt, M.D., *Attorneys' Dictionary of Medicine*, H-156 (Matthew & Bender 2004).

**{¶22}** Furthermore, while a sudden illness can constitute "excusable neglect," a pre-existing, chronic illness is substantially different. *Lindenschmidt*, 72 Ohio St.3d at 466. *See Resolution Trust Corp. v. Maricopa Cty.*, 176 Ariz. 631, 635, 863 P.2d 923 (1993) (counsel's Chronic Fatigue Syndrome not a sudden illness constituting excusable neglect under Civ.R. 60); *In re LaClair*, 360 B.R. 388, 397-398 (Bankr.D.Mass.2006) (attorney's long-term/chronic illness not excusable neglect). A sudden illness, by definition, is unanticipated and may prevent a party from timely responding. A party suffering from a pre-existing, chronic illness, on the other hand, knows about the condition and must account for it when responding to the pleadings. That is not to say that a litigant suffering from a pre-existing, chronic illness could never demonstrate excusable neglect. Circumstances related to the pre-existing, chronic illness might arise that could constitute excusable neglect—we leave that to trial courts' discretion in individual cases. This case does not involve circumstances beyond the existence of the pre-existing, chronic illness itself constituting excusable neglect. Furthermore, the delay in this case was over eight months; at no time prior to Everbank's request for default judgment did Vanarnhem notify the trial court of his medical condition and seek more time to obtain counsel. *Calkins v. Pacel Corp.*, W.D.Va. No. 3:07cv00025, *3-4 (July 22, 2008) (defendant should have notified the court of the serious illness in a much more timely fashion, such as by the first missed

deadline). Under these circumstances, the trial court did not abuse its discretion by denying Vanarnhem leave to file his untimely answer.

{¶23} Next Vanarnhem argues that the trial court erred in denying his motion for leave without first holding a hearing. We disagree. Vanarnhem failed to request a hearing, and he failed to even attach an affidavit to substantiate his claims. Beyond that, the Rules of Civil Procedure do not require an oral hearing on a motion for leave to plead. *Tinlin v. White*, 7th Dist. Carroll No. 680, *5 (Sept. 20, 1999); *Rudolf*, 7th Dist. No. 96 CA 60, at * 3. *See also Jenkins v. Clark*, 7 Ohio App.3d 93 (2d Dist.1982), paragraph two of the syllabus.

{¶24} Finally, Vanarnhem argues that the trial court erred in denying his motion for leave because no default judgment had been entered. In support of his argument, Vanarnhem quotes the following from our decision in *Albright v Cincinnati Equitable Ins.*: "when a party answers out of rule but before a default is entered, if the answer is good in form and substance, a default should not be entered." 3d Dist. Crawford No. 3-04-01, 2004-Ohio-4010, ¶ 21. This statement, viewed in isolation, appears to support Vanarnhem's argument; however, viewed in its proper context, this statement merely reflects our observation of courts' general disfavor for default judgments. Notably, this court was affirming a trial court's decision to grant leave in that case. Furthermore, the statement of law quoted from *Albright*, supra, originates from cases where defendants who made an

appearance were not provided notice of the trial court's default judgment hearing. *Miami Sys. Corp. v. Dry Cleaning Computer Sys. Inc.*, 90 Ohio App.3d 181, 186 (1st Dist.1993); *Suki v. Blume*, 9 Ohio App.3d 289, 290 (8th Dist.1983).

{¶25} In *Miami Systems Corp.* and *Suki*, the Court of Appeals for the First and Eighth Appellate Districts held that the proper procedure would be to strike the untimely answer from the record before granting the default judgment. *Suki* at 290-291. It was further held that the defendant who untimely appeared prior to the entry of default judgment was entitled to notice of the default judgment hearing regardless of the fact that he would not be permitted to proceed on his untimely pleading. *Id.* Vanarnhem had notice of the motion for default judgment in this case and responded with a motion for leave to file an untimely answer. This case did not involve a failure to provide notice of the default judgment hearing like the cases from which the rule Vanarnhem cites stems. There was no default judgment hearing in this case.

{¶26} Vanarnhem's first assignment of error is, therefore, overruled.

### Assignment of Error No. II

**The trial court erred as a matter of law when it denied Mr. Vanarnhem's Motion for Reconsideration and to Dismiss Everbank's Complaint, holding that Mr. Vanarnhem waived his attack on the trial court's subject matter jurisdiction when he failed to timely file an Answer, and that Everbank had standing to bring the action.**

**{¶27}** In his second assignment of error, Vanarnhem argues that the trial court should have dismissed the complaint for lack of subject-matter jurisdiction because Everbank lacked standing. In particular, Vanarnhem argues that Everbank lacked standing because it was not a holder of the promissory note until nearly eight months after it brought the action.

**{¶28}** "The courts of common pleas and divisions thereof shall have such original jurisdiction over all *justiciable* matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." (Emphasis added). Ohio Constitution, Article IV, Section 4(B).

**{¶29}** "'Standing to sue is part of the common understanding of what it takes to make a justiciable case.'" *Federal Home Loan Mortg. Corp. v. Schwartzwald*, 2012-Ohio-5017, at ¶ 21, quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102, 118 S.Ct. 1003 (1998). Because standing is required to invoke the jurisdiction of the common pleas court, standing is determined as of the commencement of suit, i.e. the filing of the complaint. *Schwartzwald* at ¶ 24, 27 (citations omitted).

**{¶30}** Subject-matter jurisdiction relates to the power of the trial court to hear the case; it can never be waived and may be raised at any time during the proceedings. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. We

review the issue of subject-matter jurisdiction de novo. *State ex rel. Post v. Speck*, 185 Ohio App.3d 828, 2010-Ohio-105, ¶ 10 (3d Dist.).

{¶31} Vanarnhem argues that the trial court erred by failing to dismiss the complaint for lack of subject-matter jurisdiction because Everbank failed to attach documents to its complaint demonstrating that it had standing when the complaint was filed. In support of this argument, Vanarnhem relies exclusively upon *Schwartzwald*, 2012-Ohio-5017. In *Schwartzwald*, the court determined that a plaintiff receiving an assignment of a note and mortgage from the real party in interest subsequent to the filing of the complaint, but prior to the entry of judgment, does not cure a lack of standing to file a foreclosure action. In that case, the plaintiff conceded that the record failed to establish that it was a person entitled to enforce the promissory note as of the date the complaint was filed. *Id.* at ¶ 18, 28. In fact, the record affirmatively demonstrated that the assignment of the note and mortgage to the plaintiff occurred a month after the complaint was filed. *Id.* at ¶ 7, 10.

{¶32} The record in this case, unlike the record in *Schwartzwald*, demonstrates that MERS as nominee for M/I Financial Corporation, the original lender, assigned the mortgage to Everbank on January 25, 2012. (Doc. No. 2). The assignment of the mortgage was recorded on February 1, 2012. (*Id.*). The complaint in this case was filed on February 17, 2012. (*Id.*). The promissory note

that was attached to the complaint was indorsed "PAY TO THE ORDER OF WELLS FARGO BANK, N.A. without recourse this 9th day of August 2005" and signed by Jason K. Ellis, Assistant Secretary of M/I Financial Corp. (*Id.*). However, after Vanarnhem filed his motion to dismiss, Everbank filed another copy of the promissory note, which Wells Fargo Bank indorsed in blank, along with the affidavit Amanda Weatherly, the Vice President of Loan Documentation for Wells Fargo Bank, the servicing agent of Everbank, averring that Everbank was in possession of the promissory note prior to the filing of the foreclosure complaint. (Doc. No. 42). Because Everbank was in possession of a negotiable instrument that was payable to bearer, it was a holder entitled to enforce the negotiable instrument. R.C. 1301.201(B)(21)(a), 1303.31(A)(1), 1303.25(B). Furthermore, because Everbank was a holder of the promissory note at the time the complaint was filed, it had standing to file the foreclosure complaint triggering the trial court's subject-matter jurisdiction. *Schwartzwald* at ¶ 28.

**{¶33}** Vanarnhem argues that, per *Schwartzwald*, Everbank's subsequent filing of the promissory note with an endorsement in blank could not create standing after the fact. Although Everbank could not subsequently become a holder of the promissory note after the filing of the complaint to cure its lack of standing at the time of the filing of the complaint per *Schwartzwald*, Everbank could file supplemental documentation subsequent to the filing of the complaint

showing that it had standing at the time of the complaint. A trial court is not confined to the allegations of the complaint when considering the issue of subject-matter jurisdiction and may consider affidavits and testimony for that purpose. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus; *Kuhn v. Schmidt Bros., Inc.*, 6th Dist. Lucas No. L-07-1235, 2008-Ohio-1567, ¶ 10; *Linkous v. Mayfield*, 4th Dist. Scioto No. CA1894, *4 (June 4, 1991). The affidavit of the bank's loan servicing agent, like Weatherly herein, along with other supporting documents, such as the submitted copy of the promissory note indorsed in blank, is sufficient to show that Everbank had standing. *See, e.g.*, *Deutsche Bank Natl. Trust Co. v. Gardner*, 8th Dist. Cuyahoga No. 92916, 2010-Ohio-663, ¶ 10 (servicer of borrower's loan competent to testify regarding the content of documents in borrower's loan file with which he was personally familiar); *Deutsche Bank Natl. Trust Co. v. Ingle*, 8th Dist. Cuyahoga No. 92487, 2009-Ohio-3886, ¶ 9, 18 (affidavit of bank's loan servicing agent, along with other supporting documents, sufficient to show bank was the real party in interest); *New York v. Dobbs*, 5th Dist. Knox No. 2009-CA-000002, 2009-Ohio-4742, ¶ 40 ("even though * * * not employed by" appellee, affidavit of loan servicing agent was sufficient to authenticate documents). Therefore, we reject Vanarnhem's argument that Everbank was not permitted to

submit documentation to establish its standing at the time of the filing of the complaint.

{¶34} Because Everbank was the holder of the promissory note and had legal title to the mortgage[2] prior to the filing of the complaint, it had standing to bring the foreclosure action; and therefore, the trial court had jurisdiction over the action.

{¶35} Vanarnhem's second assignment of error is, therefore, overruled.

**Assignment of Error No. III**

**The trial court abused its discretion when it denied Mr. Vanarnhem's Motion to Strike Everbank's Affidavit Regarding Judgment Figures.**

{¶36} In his third assignment of error, Vanarnhem argues that the trial court abused its discretion by failing to strike portions of the affidavit in support of Everbank's judgment figures concerning Everbank's possession and right to enforce the note and mortgage because it exceeded the trial court's order, and the affiant was an employee of a third-party with no personal knowledge of Everbank's business records.

{¶37} A trial court has broad discretion in determining whether to grant a motion to strike. *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, ¶ 13. Consequently, a trial court's ruling on a motion to strike will not be

---

[2] Because Everbank was a holder of the promissory note and had legal title to the mortgage in this case, we need not address the issues of whether legal title to the mortgage alone is sufficient for standing and whether the assignment of the mortgage also assigned the right to enforce the promissory note.

reversed absent an abuse of discretion. *State ex rel. Mora v. Wilkinson*, 105 Ohio St.3d 272, 2005-Ohio-1509, ¶ 10. A decision constitutes an abuse of discretion when it is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶38}** The trial court did not abuse its discretion by denying Vanarnhem's motion to strike the Weatherly affidavit. As an initial matter, the portion of the affidavit concerning Everbank's possession of the promissory note was not in response to the trial court's order but in response to Vanarnhem's motion to dismiss. As we have already stated above, Everbank was permitted to submit documentation outside of the allegations in the original complaint establishing its standing and the trial court's subject-matter jurisdiction.

**{¶39}** Vanarnhem argues that the affiant, as an employee of Wells Fargo, did not have personal knowledge of Everbank's business records, and therefore, could not aver that Everbank was in possession of the promissory note prior to the filing of the complaint. We disagree. Weatherly averred that she is the Vice President of Loan Documentation for Wells Fargo, the servicing agent for Everbank. (Doc. No. 42). She further averred that, in her capacity as Vice President of Loan Documentation, she personally viewed the loan documents and account records relevant to this case, which are maintained by Wells Fargo, and her affidavit is based upon her personal inspection of those business records. (*Id.*).

Weatherly averred that Everbank was in possession of the original promissory note prior to the filing of the foreclosure complaint, and that Exhibit A to her affidavit was a true and accurate copy of the note. (*Id.*). The attached promissory note was indorsed in blank. (*Id.*). As we have already stated above, other courts have found that the affidavit of an agent of the bank's loan servicer is sufficient to authenticate the loan documents. *Gardner*, 2010-Ohio-663, at ¶ 10; *Ingle*, 2009-Ohio-3886, at ¶ 9, 18; *Dobbs*, 2009-Ohio-4742, at ¶ 40; *Deutsche Bank Natl. Trust Co. v. Cassens*, 10th Dist. Franklin No. 09AP-865, 2010-Ohio-2851, ¶ 18. Therefore, we cannot conclude that the trial court abused its discretion by failing to strike Weatherly's affidavit.

{¶40} Vanarnhem's third assignment of error is, therefore, overruled.

{¶41} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, J., concurs.**

**/jlr**

**ROGERS, J., dissents.**

**{¶42}** Because the majority erroneously relies on the assignment of the mortgage by MERS to Everbank in concluding that Everbank was a holder with the necessary standing to bring this foreclosure action, I respectfully dissent.

**{¶43}** For the reasons more fully stated in my dissent in *Countrywide Home Loans Servicing, L.P. v. Shifflet*, 3d Dist. Marion No. 9-09-31, 2010-Ohio-1266 (Rogers, J., dissenting), I believe that the record does not support a finding that Everbank has standing as a holder of the mortgage to bring this action.[3] MERS was merely designated as M/I Financial's "nominee," meaning that no real interest in the subject property was transferred to MERS. Accordingly, MERS had no holder interest in the property when it conveyed the mortgage to Everbank. As a result, Everbank, as MERS's assignee, is likewise deprived of a holder interest in the subject property and cannot bring a foreclosure action as a holder of the mortgage.

**{¶44}** The majority also finds that Everbank is the holder of the note. While the record does support this finding, it is ultimately immaterial to the disposition of this matter. *E.g.*, *Wells Fargo Bank, N.A. v. Sessley*, 188 Ohio App.3d 213, 2010-Ohio-2902, ¶ 11 (10th Dist.) ("In foreclosure actions, [the entity

---

[3] It may be possible that Everbank is a non-holder in possession with the rights of a holder and is thus entitled to enforce the mortgage on that basis. *See Wells Fargo Bank, N.A. v. Freed*, 3d Dist. Hancock No. 5-12-01, 2012-Ohio-5941, ¶ 28-30 (affirming trial court's grant of foreclosure where plaintiff was a non-holder in possession with the rights of a holder). However, Everbank has not argued this on appeal.

with standing] is the current holder of the note *and* the mortgage."); *Wells Fargo Bank, N.A. v. Byrd*, 1st Dist. Hamilton Nos. C-070889, C-070890, 2008-Ohio-4603, ¶ 16 (finding that bank-plaintiff, which was not the holder of the sued upon mortgage, had no standing to bring foreclosure action). Merely holding a promissory note does not entitle a party to bring a *foreclosure* action, as Everbank has attempted to do here. Rather, holding a promissory note only entitles a party to bring an action for money damages arising from a breach of the note. *See Union Bank Co. v. North Carolina Furniture Express, L.L.C.*, 189 Ohio App.3d 538, 2010-Ohio-4176, ¶ 21 (3d Dist.) (Opinion of Preston, J.) ("'The right to judgment on the note is one cause of action. The right to foreclose a mortgage is another cause of action. One is legal – the other is equitable.'"), quoting *Fifth Third Bank v. Hopkins*, 177 Ohio App.3d 114, 2008-Ohio-2959, ¶ 15 (9th Dist.). Thus, Everbank's status as a holder of the note does not cure its lack of standing to bring a foreclosure action.

{¶45} Based on the foregoing, I would sustain the second assignment of error. This disposition would render the first and third assignments of error moot. *See* App.R. 12(A)(1)(c).

{¶46} Accordingly, I would reverse the trial court's judgment and dismiss Everbank's complaint for want of standing to bring a foreclosure action.

/jlr